ANNIE MARTINEZ, Appellant, *v.* LULU B. JOHNSON, Respondent.

No. 3345

December 9, 1941.                    119 P. (2d) 880.

126

*Ham & Taylor,* of Las Vegas, for Appellant.

*J. R. Lewis,* of Las Vegas, for Respondent.

## OPINION

By the Court, DUCKER, C. J.:

This is an action to recover compensation for overtime employment.

Plaintiff, a female person, alleged in her complaint: That defendant employed her to work in the latter's

hotel or rooming house in Las Vegas, as a clerk, house-keeper, and maid, at the agreed price of three dollars per day for six days each week; that pursuant to that agreement plaintiff started to work for defendant in her hotel on the 3d day of July 1939, and worked for her in said capacity continuously up to and including the 3d day of March 1941.

It is alleged that during that time defendant required plaintiff to work sixteen hours per day and seven days per week, for each and every day and week of the said term, and paid plaintiff eighteen dollars per week for eighty-seven weeks, and no more. It is alleged that for such overtime so worked plaintiff is entitled to $3,132.

Defendant, in her answer admits the employment and term of service. She denied that the compensation agreed on was three dollars per day for six days each week, and in this regard alleged that in addition to furnishing plaintiff an apartment in the hotel or rooming house as her home, it was agreed that the compensation was to be fourteen dollars per week, which was paid weekly. Defendant alleged that no hours of active employment were agreed on, and that all the labor performed by plaintiff during the time of her employment did not exceed three hours per day.

The action was tried by the court without a jury. Judgment was rendered that plaintiff take nothing by her action.

After consideration of the case for a time, this court thought that final decision might turn on a question not raised by defendant. Accordingly we directed counsel in the case to furnish briefs on the following: "Were plaintiff and appellant and defendant particeps criminis in violation of the provision of chapter 207, Statutes of 1937, as amended by chapter 78 of the Statutes of 1939, and if so, can plaintiff and appellant maintain this action for overtime employment as alleged in the complaint?" Counsel have furnished such briefs.

Section 2 of chapter 207, pp. 467, 468, Stats. of 1937, as amended by section 1 of chapter 78, p. 74, Stats. of

1939, reads in part: "It shall be unlawful for any person, firm, association or corporation, or any agent, servant, employee or officer of any such firm, association, or corporation employing females in any kind of work, labor, or service in this state, except as hereinafter provided, to employ, cause to be employed, or permit to be employed any female for a longer period of time than eight hours in any twenty-four-hour period, or more than forty-eight hours in any one week of seven days; * * *."

Section 10 of said chapter 207 provides: "Every person, firm, association or corporation, or any agent, servant, employee or officer of any such firm, association or corporation, violating any of the provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not more than five hundred ($500) dollars or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment."

It will be seen that the statute does not merely declare what shall constitute a day's work, it expressly limits the hours of labor of females in private employment, making a violation of its provisions a misdemeanor punishable by fine or imprisonment or both.

The beneficial purposes sought to be accomplished by the statute are declared in section 1 of said chapter 207 as follows:

"That with respect to the employment of females in private employment in this state it is the sense of the legislature that the health and welfare of female persons required to earn their livings by their own endeavors require certain safeguards as to hours of service and compensation therefor. The health and welfare of the female workers of this state are of concern to the state and the wisdom of the ages dictates that reasonable hours, not to exceed eight in any one day, are necessary to such health and welfare, and, further, that compensation for the work and labor of female workers must be sufficient to maintain that health and welfare. The

policy of this state is hereby declared to be that eight hours in any one twenty-four-hour period and not more than forty-eight hours in any one week is the maximum number of hours female workers shall be employed in private employment, with certain exceptions in emergencies, and that no less than three dollars for one day of eight hours, or eighteen dollars for one week of six days of eight hours each shall be paid such female workers in this state."

Declaratory so then, and in fact the statute is an exertion of the police power of the state for the preservation of the health of female workers in private employment in the interest of the public welfare. It was not pleaded in defense in this action, but this court took judicial notice of the statute and propounded the foregoing queries. If the transaction on which plaintiff founds her claim for compensation is illegal because of the statute, defendant could not waive it by failure to plead it, or otherwise. It is an objection the court itself is bound to raise in the interest of the due administration of justice. Sheldon v. Pruessner, 52 Kan. 579, 35 P. 201, 22 L. R. A. 709; Oscanyan v. Winchester Repeating Arms Co., 103 U. S. 261, 26 L. Ed. 539.

The general rule is that an act done, or contract made, in disobedience of the law, creates no right of action which a court of justice will enforce. 13 C. J. sec. 440; 17 C. J. S., Contracts, sec. 272; Drexler v. Tyrrell, 15 Nev. 114.

It is plain that, under section two of the statute, the employment alleged in the complaint was in violation of law. The employment did not come within any of the provisions relaxing the prohibition against more than eight hours of service in any twenty-four-hour period, or more than forty-eight hours in any one week of seven days.

Appellant concedes the general rule above stated, but contends that the facts do not bring this case within its scope. It is insisted that it falls within exceptions to it. It is argued that the case is without the scope of

the general rule because plaintiff is not subject to the penal provisions of the act. We agree with the construction of the statute that the employer alone is, by its terms, made criminally liable. The parties are therefore not particeps criminis. While they are not in pari delicto they are both in delicto to such an extent that no implied contract to pay for the overtime employment can be legally inferred.

■ Plaintiff concurred in an illegal act. Defendant committed an offense, and plaintiff aided and abetted its commission. While both are not criminally liable, both are equally guilty in combining to frustrate the purpose of an act designed to promote the public welfare. The statute could not have been violated in this case without plaintiff's cooperation. To permit her to recover under such circumstances would allow her to take advantage of her own wrong in encouraging a crime which tended to thwart a benevolent legislative design. We see no room in principle for the operation of a different rule in this case than where both the employer and employee are particeps criminis in the violation of an act designed for the public good, in the interest of public policy.

■ The leading case of Short v. Bullion-Beck & Champion Min. Co., 20 Utah 20, 57 P. 720, 45 L. R. A. 603, is of that character, and it was held that a servant may claim neither an express nor an implied contract for services rendered under a contract of employment which is in violation of laws fixing a penalty for doing the act upon which recovery is sought. The above case was approved in Wolfe v. Bedford-Chervolet Sales Corp., D. C., 31 F. (2d) 124.

We regard the decision of the Utah supreme court as controlling here, notwithstanding both parties were there amenable to the penal provisions of the statute. It is a distinction without any real difference. By the nature of the act before us, it being one for the protection of the female and for the benefit of the state, plaintiff was impliedly forbidden to assist defendant in its

violation. Both knew the law and willfully cooperated to override it. A different conclusion as to the legal inference of an implied contract on which plaintiff could recover might be logical if the statute were not affected with a public interest and plaintiff were not on equal terms with defendant, or had been overreached in some manner, or if the public interest would be best served by a recovery despite the contributing fault of plaintiff. The case might then come within one of the exceptions to the general rule claimed by plaintiff and noted in the authorities cited by her. But such is not this case. The public interest is involved and plaintiff and defendant were on contractual parity. There was no intervening element of duress, deception or the like which might, in a given case, operate equitably to relieve a party of fault.

■ The controlling factor in this case is that the contract on which plaintiff seeks to recover is against the declared public policy of the statute. This court has established the rule that such contracts are void. King v. Randall, 44 Nev. 118, 190 P. 979, 13 L. R. A. 730; Burns International Detective Agency v. Doyle, 46 Nev. 91, 208 P. 427, 26 A. L. R. 600.

In the former case it was held all contracts, the purpose of which is to create a situation which tends to operate to the detriment of the public interest and against public policy, are void, whether in a particular case the purpose of the contract is effectuated.

■ The rule is thus stated in 17 C. J. S., Contracts, sec. 211, p. 563: "If an agreement binds the parties or either of them to do, or if the consideration is to do, something opposed to the public policy of the state or nation it is illegal. * * *"

■ Moreover, as previously indicated, the benefit of a statute designed to conserve the public interest may not be waived by one for whose protection the statute is also designated. 17 C. J. S., Contracts, sec. 210, p. 562; Short v. Bullion-Beck & Champion Min. Co., supra; Atchison, T. & S. F. R. Co. v. Fronk, 74 Kan.

519, 87 P. 698, 11 Ann. Cas. 174; Kilpatrick v. Grand Trunk Ry. Co., 74 Vt. 288, 52 A. 531, 93 Am. St. Rep. 887. Such a person is not permitted to thwart the public interest. This is an important exception to the general rule that a person may lawfully waive by agreement the benefit of a statutory provision. Guilford Lumber Mfg. Co. et al. v. Johnson et al., 177 N. C. 44, 97 S. E. 732.

The judgment and order denying the motion for a new trial are affirmed.

ON PETITION FOR REHEARING

February 6, 1942.

*Per Curiam:*

Rehearing denied.