VICENTE COLLAZO, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 1501. Argued January 18, 1943.—Decided January 20, 1943.

*Carlos E. Colón* for petitioner.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Vicente Collazo filed a verified complaint in the Municipal Court of Ponce against the American Coffee Shop, Inc., wherein he claimed $117.60 for extra work pursuant to §1 of Act No. 49 approved August 7, 1935 (Spec. Sess. Laws, p. 538) relying on Act No. 10, approved November 14, 1917 (Laws of 1917, vol. II, p. 216), as subsequently amended, which determines the procedure in cases of claims for wages by laborers against their employers. After a hearing was held, said court sustained the complaint and thereupon an appeal was taken to the District Court of Ponce. At the hearing *de novo,* the defendant interposed a demurrer and alleged that the complaint did not state sufficient facts. After the parties were heard, the lower court rendered a judgment in open court sustaining the demurrer and dismissing the complaint. In support of its judgment the lower court relied on the case of *Martínez* v. *Johnson,* decided by the Supreme

Court of Nevada on December 9, 1941 (119 P. (2d) 880), from which it copied lengthy quotations and reached the following conclusion:

"The court believes as was said in the case above cited, that an act performed or a contract carried out in violation or contravention of the law does not give rise to a right or an action, on which the court may rely to do justice; or even though it is true that the parties are not in '*pari delicto*', since only a penalty is imposed on the employer, yet, both are '*in delicto*' in such a way that the alleged contract may not be construed so that one of the parties should pay to the other the extra time worked."

In order to review the decision of the lower court, Vicente Collazo filed a petition for certiorari in this court and alleged in support of the issuance of the writ (*a*) that the lower court committed manifest error in deciding that the complaint did not state a cause of action because the contract of lease of services was void, and (*b*) because it committed manifest error in applying to the case at bar the doctrine laid down by the Supreme Court of Nevada in *Martínez* v. *Johnson, supra*.

 It is obvious that the errors alleged in the petition are not procedural nor do they relate to the jurisdiction of the court. We have repeatedly held that the decision of courts on demurrers, whatever the result, may not be set up as a procedural error reviewable by certiorari. *Rodríguez* v. *Sepúlveda*, 19 P.R.R. 1107; *Hull* v. *Distict Court*, 42 P. R.R. 146; *Delgado* v. *District Court* (*per curiam* decision) 52 *D.P.R.* 961; *Smallwood* v. *District Court*, 53 P.R.R. 707, and *Santana* v. *District Court*, 58 P.R.R. 572. Notwithstanding this, we deem it advisable to make some additional remarks.

Section 1 of Act No. 10 of 1917, as amended in subsequent years until 1935, which is the provision in force, provides in its pertinent part as follows:

"Section 1.—(As amended by Act No. 12 of July 2, 1923, Act No. 14 of April 12, 1931, and Act No. 40 of April 17, 1935.—That

whenever a worker or employee shall find it necessary to claim from his employer *any sum* as compensation for work or labor done for said employer, he may appear before the municipal court for the municipal judicial district where the employer resides on date of the claim, and file a complaint against the said employer, which complaint shall be made out or filled in, as the case may be, by the Judge or Secretary of the Court, the worker or employee setting forth therein under oath the facts upon which the claim is founded.'' (Italics ours.)

Section 8 of the same Act provides that any of the parties who may believe himself prejudiced by the judgment of the municipal court may take an appeal to the district court, the procedure to be followed in that court being provided in the other sections. Section 12 provides ''that in no case of a claim for *farm* wages shall more than one appeal be allowed.'' (Italics ours.)

Therefore, every action instituted in the municipal courts and decided on appeal by the district courts, wherein a claim for farm wages is not involved, may be appealed to the Supreme Court under subdivision 2 of §295 of the Code of Civil Procedure ''should the value of the property claimed or amount of the judgment not including products or interests thereon exceed $300.''

Inasmuch as the claim in the case at bar is only for $117.60, the judgment rendered by the lower court is not appealable to this court. However, does this mean that the remedy of certiorari may be invoked? Notwithstanding the commendable effort made by petitioner's attorney to convince us that the writ lies, although not expressly authorized by Act No. 10 of 1917, *supra,* the question must meet a negative answer.

Because of the importance attached to this legal question we do not deem it advisable to dismiss the petition herein with a flat denial as we would have done in an ordinary case; it should be understood, however, that the denial of the writ does not mean in any manner whatsoever that we agree with

the doctrine laid down by the Supreme Court of Nevada and adopted by the lower court, which question we shall consider when the same comes before us in a proper case.

For the reasons stated, the writ should be denied.