VICENTE COLLAZO, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. ALBERTO S. POVENTUD, JUEZ, demandada.

Núm. 1501.—*Sometido:* Enero 18, 1943. *Resuelto:* Enero 20, 1943.

*Carlos E. Colón,* abogado del peticionario.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Vicente Collazo radicó ante la Corte Municipal de Ponce una querella jurada contra la American Coffee Shop, Inc. en reclamación de $117.60 por concepto de horas extras de trabajo de acuerdo con la sección primera de la Ley núm. 49 aprobada el 7 de agosto de 1935 (Sesión Especial, pág. 539) acogiéndose a la Ley núm. 10 aprobada el 14 de noviembre de 1917 ((2) pág. 217), según enmendada posteriormente, que determina el procedimiento para estos casos de reclamaciones de obreros y empleados contra sus patronos por compensación de su trabajo. Celebrada la vista correspondiente dicha corte declaró con lugar la querella y apelado el caso para ante la Corte de Distrito de Ponce al celebrarse la vista *de novo* la querellada formuló una excepción previa alegando que la querella no aducía hechos suficientes. Oídas las partes, la corte inferior a virtud de resolución dictada en corte abierta, declaró con lugar la excepción previa y desestimó la querella. Fundamentó su resolución la corte inferior en el caso de *Martínez* v. *Johnson,* resuelto por la Corte Suprema de Nevada en diciembre 9 de 1941 (119 P. (2d) 880), del cual citó *in extenso,* para llegar a la conclusión siguiente:

"La Corte entiende, como bien se dijo en el caso que hemos citado, que un acto verificado, o un contrato llevado a efecto en desobediencia o contravención de la ley, no crea un derecho o acción, basado en el cual la corte pueda hacer justicia; pues si bien es verdad que las partes no están en *pari delicto*, porque solamente se fija una penalidad al patrono, sin embargo, ambas están *in delicto*, de tal manera que no se puede extender el supuesto contrato, a tal extremo que pueda entenderse que una de las partes debe pagarle a la otra por el exceso de tiempo trabajado."

Para revisar la resolución de la corte inferior, Vicente Collazo radicó una petición de *certiorari* ante esta Corte alegando como fundamentos para que se expida el auto (A) que la corte inferior cometió grave error al resolver que la demanda no aducía causa de acción por ser nulo el contrato de arrendamiento de servicios, y (B) porque cometió grave error al aplicar al caso de autos la doctrina enunciada por el Tribunal Supremo de Nevada en el de *Martínez* v. *Johnson, supra.*

Es obvio que los errores alegados en la petición ni son de procedimiento ni atañen a la jurisdicción de la corte. Repetidamente hemos resuelto que la resolución de excepciones previas en un sentido o en otro no puede alegarse como error de procedimiento revisable por certiorari. *Rodríguez* v. *Sepúlveda,* 19 D.P.R. 1169; *Hull* v. *Corte,* 42 D. P.R. 151; *Delgado* v. *Corte,* 52 D.P.R. 961; *Smallwood* v. *Corte,* 53 D.P.R. 742 y *Santana* v. *Corte,* 58 D.P.R. 568. Esto no obstante creemos conveniente hacer algunas observaciones adicionales.

La sección 1 de la Ley núm. 10 de 1917, según enmendada en años posteriores hasta el 1935 que está en vigor, dispone, en lo pertinente, que:

"Sección 1.—(Según quedó enmendada por la Ley No. 12 de 2 de julio de 1923, la Ley No. 14 de 12 de abril de 1931 y la Ley No. 40 de 17 de abril de 1935.)—Siempre que un obrero o empleado tuviere que reclamar de su patrono *cualquier suma* por concepto de compensación por trabajo o labor realizados por dicho patrono, o por compensación en caso de que dicho obrero o empleado hubiere

sido despedido de su empleo sin previo aviso y sin causa justificada, podrá comparecer ante la corte municipal del distrito judicial en que realizó el trabajo o en que resida el obrero o empleado en la fecha de la reclamación y formular contra el patrono una querella que extenderá o llenará, según fuere el caso, el juez o el secretario de la corte, en la cual se expresarán bajo juramento, por el obrero o empleado, los hechos en que se funda la reclamación.'' (Bastardillas nuestras.)

La sección 8 de la misma ley provee que cualquiera de las partes que se creyere perjudicada por la sentencia de la corte municipal podrá apelar para ante la corte de distrito, disponiéndose en otras secciones el procedimiento a seguirse ante la misma. La sección 12 dispone que ''En ningún caso se dará más de una apelación en los juicios sobre reclamación de salarios *agrícolas.''* (Bastardillas nuestras.)

De manera que, todo caso iniciado en las cortes municipales y resuelto en apelación por las cortes de distrito, que no envuelva una reclamación de salarios agrícolas, puede ser apelado para ante esta Corte Suprema bajo el inciso 2 del artículo 295 del Código de Enjuiciamiento Civil ''si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses excediera de trescientos dólares''.

Como la reclamación en el caso de autos es de sólo $117.60 la sentencia dictada por la corte inferior no es apelable para ante esta Corte Suprema. ¿Significa esto, sin embargo, que puede acudirse al recurso de certiorari? No obstante el loable esfuerzo que hace el abogado del peticionario para convencernos de que debemos expedir el auto, no autorizándolo expresamente la Ley núm. 10 de 1917, supra, la pregunta tiene que ser contestada en la negativa.

Dada la importancia de la cuestión legal envuelta en este caso, no creímos conveniente desestimar la petición con un no ha lugar escueto como lo hubiésemos hecho en un caso corriente; debiendo entenderse, sin embargo, que la denegación del auto no implica, en forma alguna, que estemos conformes con la doctrina establecida por el Tribunal Supremo

de Nevada y adoptada por la corte inferior, cuestión sobre la cual pasaremos cuando se nos someta en un caso apropiado.

*Por las razones expuestas, no ha lugar a expedir el auto solicitado.*