AUREO AVELLANET, demandante y apelado, *v.* PORTO RICAN EXPRESS Co., demandada y apelante.

Núm. 8923.—*Sometido:* Mayo 8, 1944. *Resuelto:* Mayo 12, 1944.

*Hartzell, Kelley & Hartzell, A. Ramírez Silva* y *Rafael O. Fernández,* abogados de la apelante; *Pascasio Fajardo Martínez* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelado solicita desestimemos este recurso por el fundamento de no ser apelable para ante esta Corte la sentencia dictada por la Corte de Distrito de Mayagüez.

Se trata de un caso en reclamación de salarios iniciado ante la Corte Municipal de Mayagüez bajo la Ley núm. 10, aprobada en noviembre 14 de 1917 y posteriormente enmendada.([1]) El demandante alegó en su querella que trabajó para la querellada en diversos trabajos de oficina y que le adeuda la suma de $2,602.36 por las horas extras trabajadas y no pagadas. Visto el caso la corte municipal declaró con lugar la querella y apelado el caso por la querellada para ante la Corte de Distrito de Mayagüez dicha corte, después de celebrado el juicio correspondiente dictó sentencia condenando a la querellada a pagar la suma de $1,274.46, costas y $200 de honorarios de abogado. Contra esta sentencia se interpuso por la querellada el presente recurso de apelación.

Arguye el apelado que la Ley núm. 10 de 1917, según originalmente aprobada, era aplicable a reclamación de salarios por trabajos agrícolas y que su sección 12 dispone que "En ningún caso se dará más de una apelación en los juicios sobre reclamación de salarios agrícolas." Que si bien dicha ley fué posteriormente enmendada en el sentido de reconocer causa de acción sobre reclamación de salarios a los trabajadores manuales, empleados en servicios u ocupaciones domésticas y a los artesanos, empleados o dependientes de comercio o industrias, no se enmendó la sección 12, supra. Que de acuerdo con los términos de la ley el procedimiento que se establece para estos casos es sumarísimo, disponién-

---

([1]) Véase Legislación Social de Puerto Rico, págs. 233 a 235.

dose por la sección 8 que el término para apelar de la sentencia dictada por la corte municipal será de cinco días y confiere igual término al secretario para remitir los autos a la de distrito después de presentado el escrito de apelación. Que esto no obstante, la ley no contiene disposición alguna fijando los términos para apelar de la sentencia de la corte de distrito para ante esta corte y para radicar la transcripción de evidencia, respectivamente, siendo esto indicativo de que la intención legislativa fué conceder una sola apelación en todos los casos sobre reclamación de salarios a pesar de no haber enmendado la sección 12, supra, que sólo limita las apelaciones en casos de reclamación de salarios agrícolas.

Arguye, por último, el apelado que la cuestión planteada no ha sido resuelta por esta corte y sostiene que el caso de *Muñoz Colón* v. *Corte,* resuelto el 7 de marzo, pág. 236 ante, indica que el procedimiento a seguirse es el *certiorari.*

 No tiene razón el apelado. No obstante el esfuerzo que hace en su moción para tratar de demostrar que la intención legislativa fué conceder una sola apelación en todos los casos sobre reclamación de salarios, el hecho escueto, más elocuente que toda su argumentación, es que la Legislatura, a pesar de haber enmendado distintas secciones de la Ley núm. 10 en los años 1923, 1932, 1935 y 1942, en ningún momento ha enmendado la sección 12 que sólo limita las apelaciones en casos agrícolas. Al así actuar claramente expresó su intención. El no proveer un procedimiento sumario para las apelaciones para ante esta corte debe considerarse como indicativo de que debe aplicarse el procedimiento ordinario provisto en el Código de Enjuiciamiento Civil. Expresamente así lo resolvimos en el caso de *Collazo* v. *Corte,* 61 D.P.R. 291. Después de citar la sección 12, supra, dijimos en dicho caso, a la pág. 294:

"De manera que, todo caso iniciado en las cortes municipales y resuelto en apelación por las cortes de distrito, que no envuelva una reclamación de salarios agrícolas, puede ser apelado para ante esta

Corte Suprema bajo el inciso 2 del artículo 295 del Código de Enjuiciamiento Civil 'si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses excediera de trescientos dólares'.''

Es cierto que en dicho caso denegamos el certiorari solicitado, pero se debió al hecho de que para la fecha en que se resolvió no había sido aprobada la Ley núm. 32 de 3 de mayo de 1943 (pág. 85).

El caso de *Muñoz Colón* v. *Corte,* supra, citado por el apelado es claramente distinguible del de autos. En aquél se trataba de una reclamación de salarios agrícolas y resolvimos que no siendo un recurso de apelación, la sección 12, supra, no nos privaba de jurisdicción para conocer del certiorari de la Ley núm. 32 de 1943.

La sentencia dictada originalmente por la corte municipal en el caso de autos fué por una suma muy en exceso de $300, y, por tanto, la dictada por la corte de distrito es apelable para ante esta Corte de acuerdo con el inciso 2 del artículo 295 del Código de Enjuiciamiento Civil.

*Se declara sin lugar la moción del apelado.*