George **FOREMAN** and Charles R. Sadler, Plaintiffs and Appellees,

v.

**GEORGE FOREMAN ASSOCIATES, LTD.,** Defendant and Appellant.

**GEORGE FOREMAN ASSOCIATES, LTD.,** Plaintiff and Appellant,

v.

George **FOREMAN** et al., Defendants and Appellees.

Nos. 74–2143, 74–2216.

United States Court of Appeals, Ninth Circuit.

May 9, 1975.

Rehearing Denied June 2, 1975.

Frederick P. Furth (argued), San Francisco, Cal., for defendant-appellant.

Stephen V. Bomse, San Francisco, Cal., for plaintiffs-appellees.

## OPINION

Before VAN OOSTERHOUT,* WALLACE and SNEED, Circuit Judges.

SNEED, Circuit Judge:

George Foreman Associates, Ltd., appeals from a judgment holding a 1972 agreement between Associates and George Foreman void as a boxing man-

* Honorable Martin D. Van Oosterhout, Senior Judge, Eighth Circuit, sitting by designation.

agement contract which fails to comply with California law in numerous respects. We affirm.

■ The facts are fully set out in the opinion of the district court which is reported at 389 F.Supp. 1308 (N.D.Cal. 1974). We agree that California law renders the 1972 agreement void and adopt the reasoning of the opinion below. We find no merit in Associates' argument that our decision gives extraterritorial effect to California law and thereby violates the Commerce Clause. The method of determining applicable law is the only point which merits further discussion.

In this diversity case the district court effectively functioned as another court of the forum state California and was obliged to apply the same substantive law as would a court of that state. We concur in its choice of California law as the law governing the contract.

The 1972 agreement provides in paragraph 15 that "This agreement shall be construed in accordance with the laws of the State of California." The district court accordingly applied the law of California, having first determined that there was a reasonable basis for the parties choice of such law as evidenced by certain relationships between that state, the parties, and the transaction. *See* Restatement (Second) Conflict of Laws § 187 (1971).

The district court opinion finds the requisite relationship in "the facts that the Agreement was negotiated and signed in California, that Foreman resides in California, and that many of the principal obligations of the Agreement are to be performed in California (e.g., payments of money) . . . ." 389 F.Supp. 1308. Associates argues on appeal that there was conflicting evidence in the record relevant to such "facts" and that the district court erred in resolving them on a motion for summary judgment. We find that summary judgment was the proper course. The record clearly shows that Foreman resides in California—the unresolved issue is whether he is domiciled there or in Tex-

as. The contract was signed in California as a means to terminate litigation in a California court. The contract also provides that all promotional receipts are to be deposited in an escrow account in a California bank. While it is true that the place of performance is not confined to California and that it was certainly contemplated that Foreman would engage in boxing and related activities in other states or countries, it is reasonable in such circumstances for the parties to fix the controlling law as that of the state of the contract's execution. Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. Olvera, 119 F.2d 584, 586 (9th Cir. 1941). The record presents undisputed facts which are more than sufficient to allow the contractual stipulation of California law to be given effect.

But having seen that application of California law renders the contract void, Associates now argues that the stipulation is more honored in the breach than the observance. It relies on the principle that the chosen law of the parties is not to be applied if that law would declare the contract invalid, Restatement (Second) Conflict of Laws § 187, comment *e* (1971), and urges this court to follow the "Rule of Validation" and to seek out the law of some interested state which would validate rather than void the contract. *See* Ehrenzweig, The Statute of Frauds in the Conflict of Laws: The Basic Rule of Validation, 59 Colum. L.Rev. 874 (1959).

■ We are therefore presented with the question whether the courts of California would look beyond the stipulation in search of some validating law. We do not believe that they would do so. The comprehensive regulatory scheme which California imposes on boxing reflects a public policy which is "unusually strong." Hudson v. Craft, 33 Cal.2d 654, 659, 204 P.2d 1, 4 (1949). It is evident that one of the principal purposes of these regulations is to protect boxers from improvident arrangements. The regulations governing the conduct of matches are designed to "provide safeguards for the protection of persons engaging in the ac-

tivity" and to protect them "against their own ill-advised participation in an unregulated match." 33 Cal.2d at 659, 204 P.2d at 4. The regulations governing boxing contracts, 4 Cal.Admin. §§ 256–59, 288, have a similar purpose which is, in the words of the district court, "to safeguard boxers against the temptation to mortgage their futures." Invalidation of the stipulation would be inconsistent with this purpose.

The choice of law principles which favor validation of contracts function to protect the expectations of the parties. But the regulations governing boxing contracts exist to invalidate contracts *despite* the expectations of the parties by restricting the boxer's power to contract. Foreman, either fortuitously or by design, contractually invoked the protections afforded him, as well as the restrictions placed upon him, by California law. To now disregard the stipulation would be to begin a search for the law of some other state which would both validate the agreement and have sufficient contacts with the parties or transaction to permit its application. But application of such law, if it could be found, would not be consistent with the public policy of California. The California courts do not hesitate to invalidate a stipulation of governing law when application of such law would be contrary to the public policy of California. *See* Frame v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 20 Cal.App.3d 668, 97 Cal.Rptr. 811 (1971). *See also* Ware v. Merrill Lynch, Pierce, Fenner and Smith, Inc., 24 Cal.App.3d 35, 100 Cal. Rptr. 791 (1972), aff'd 414 U.S. 117, 94 S.Ct. 383, 38 L.Ed.2d 348 (1973). We believe that they would likewise not hesitate to honor such a stipulation when its invalidation would lead to the application of some law contrary to a clearly announced public policy.

The judgment is therefore
Affirmed.

WALLACE, Circuit Judge (concurring):

I concur in both the result and the reasoning of the majority opinion. However, I cannot join with my Brothers in adopting that part of the reasoning of the district court which results in holding that Foreman Associates provided "services" to Foreman, within the meaning of Cal.Bus. & Prof.Code § 18674(c), when it advanced money to him. Thus, the district court concluded, because Foreman Associates was entitled to receive more than ten percent of the gross purse, it was an unlicensed "manager" within the jurisdiction of the California State Athletic Commission.

Foreman Associates was certainly not a manager in the ordinary sense. Nor can I agree that members of a syndicate who merely invest funds necessary to advance a boxer's career are "managers" within the meaning of Cal.Bus. & Prof. Code § 18674. They are not managers but financial backers, a distinction which must have been apparent to the drafters of section 18674. The section is very specific: "The commission may license professional boxers, professional wrestlers, and booking agents, managers, trainers, and seconds of each." I cannot extend this specific language to entities, like Foreman Associates, that are only indirectly associated with professional boxing.

I concur in the result, however, because Foreman Associates did not waive its contractual right to approve new managers. This power falls within the definition of a manager in section 18674(b) as one who "[d]irects or controls the professional boxing activities of any professional boxer."