[Civ. No. 28135. First Dist., Div. Four. Oct. 19, 1971.]

RONALD FRAME, Plaintiff and Respondent, v.
MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,
Defendant and Appellant.

**COUNSEL**

Orrick, Herrington, Rowley & Sutcliffe, Richard J. Lucas and W. Reece Bader for Defendant and Appellant.

Robertson, Alexander & Luther and William D. Esselstein for Plaintiff and Respondent.

Herzstein, Maier & Lippett and Goldstein, Barceloux & Goldstein as Amici Curiae on behalf of Respondent.

**OPINION**

**CHRISTIAN, J.**—Merrill Lynch, Pierce, Fenner & Smith, Inc. appeals from an order denying its petition for arbitration of issues raised in an action brought by respondent Ronald Frame.

Respondent, a former employee of appellant, commenced an action seeking a determination that a portion of a purported agreement between appellant and respondent, which provides for forfeiture of profit-sharing rights by any employee of appellant who resigns and then engages in competition with appellant, is void as a restraint on competition condemned by Business and Professions Code section 16600. Appellant pleaded as a defense that respondent had executed an agreement to arbitrate any dispute.

Concurrently, appellant petitioned the court for an order requiring arbitration of all issues (see Code Civ. Proc., § 1281.2). The trial court denied appellant's petition for arbitration, upon the determination (made on affidavits) that "there is no binding agreement between Ronald Frame and defendant to arbitrate this controversy." The present appeal followed.

We have concluded that it was error to withhold giving effect to the arbitration clause.

We note preliminarily that the order denying arbitration was based on no findings of fact or conclusions of law other than the recital that "there is no binding agreement . . . to arbitrate this controversy." Although Code of Civil Procedure section 1291 might appear to create an absolute requirement of findings to support such an order, it has been held that the requirement of section 1291 must be read as conforming to the general rules governing findings of fact in civil actions. (*Allstate Ins. Co.* v. *Orlando* (1968) 262 Cal.App.2d 858, 867 [69 Cal.Rptr. 702].) Here neither party requested findings of fact or conclusions of law; therefore the court's failure to make findings was not error. (Code Civ. Proc., § 632.) Therefore, the order denying arbitration is to be upheld if the record supports it on any theory.

It was a condition of respondent's employment that he be approved by the New York Stock Exchange, of which appellant is a member. Respondent admits that he signed a stock exchange application form which contained an agreement to arbitrate "any controversy between me and any member or member organization arising out of my employment or the termination of my employment by and with such member or member organization. . . ." Respondent contends that the agreement to arbitrate was unenforceable because there was no mutual assent to that provision. Specifically he contends that he was unaware of the clause because he did not read it. But failure to read a contract before signing is not in itself a reason to refuse its enforcement. (*Oakland Bank of Commerce* v. *Washington* (1970) 6 Cal.App.3d 793, 800 [86 Cal.Rptr. 276].)

Respondent claims that appellant cannot enforce the agreement to arbitrate because appellant was not a party to it. The arbitration agreement was indeed contained not in a contract form but in a New York Stock Exchange form, entitled "Application for Approval of Employment of Registered Representative." But the form was an indispensable part of the arrangements by which respondent was employed by appellant. The subject matter of the "application" was the approval of respondent's employment by appellant, the form was witnessed by an officer of appellant, and investigation and substantiation of the fact assertions in the application were entrusted to appellant. The application was part of the larger transac-

tion by which appellant and respondent entered into a continuing employment relationship. Therefore, the arbitration provision is not unenforceable because of lack of mutuality.

Respondent next attempts to invoke the doctrine of adhesion contracts to invalidate the arbitration clause. ■ It is true that where the bargaining strength of contracting parties is unequal a contractual provision may be construed to give effect to the reasonable expectations of the weaker party when necessary to avoid injury or unfair imposition which it is shown would be the result of giving literal effect to the terms of the contract. (See Comment (1967) 1 U.S.F.L.Rev. 306.) ■ Here, assuming that the contract was adhesory, it is not shown that arbitration would be contrary to the reasonable expectations of any party or that any loss or unfair imposition would result. Therefore no basis exists in the present case for using the doctrine of adhesion contracts to avoid arbitration. (Cf. *Federico v. Frick* (1970) 3 Cal.App.3d 872, 875 [84 Cal.Rptr. 74].)

Respondent asserts that because he brought his action in behalf of the class of persons affected by the contract arbitration should not be required. But if all employees similarly situated have signed the same arbitration agreement as that which respondent challenges, all are equally bound. If the agreement is valid, it is valid as to all members of the class. It would be inappropriate to allow respondent and the other members of the class he claims to represent to evade the terms of the agreement simply by bringing their action together as a "class" rather than as individuals.

■ The profit-sharing plan under which respondent claims benefits contains a provision that an employee who voluntarily terminates his employment and works for a competitor forfeits his rights to benefits under the plan.[1] Respondent contends that the forfeiture provision is unlawful as being in restraint of trade under Business and Professions Code section 16600. In *Muggill v. Reuben H. Donnelley Corp.* (1965) 62 Cal.2d 239, 242 [42 Cal.Rptr. 107, 398 P.2d 147], the court held invalid under section 16600 a closely analogous provision. In *Muggill* a retired employee went to work for a competitor of his former employer; retirement fund benefits were terminated under a clause similar to the one here in question. We are persuaded that, under *Muggill*, the forfeiture provision is ineffective under California law. Appellant points out, however, that the contract contains

---

[1] "11.1 A Participant who, in the determination of the Committee, voluntarily terminates his employment with the Corporation or provokes his termination and engages in an occupation which is, in the determination of the Committee, competitive with the Corporation, or any affiliate or subsidiary thereof, shall forfeit all rights to any benefits otherwise due or to become due from the Trust Fund with respect to units credited for fiscal years subsequent to the fiscal year ended December 30, 1960."

an express provision that the rights of the parties will be governed by the law of New York. It is conceded that under New York law the forfeiture provision is valid; it would not be treated as being in restraint of trade as it would be under California law. (See *Kristt* v. *Whelan* (1957) 4 App.Div.2d 195 [164 N.Y.S.2d 239], affd. 5 N.Y.2d 807, 809 [181 N.Y.S.2d 205, 155 N.E.2d 116].)

The next question is whether the provision specifying New York law is valid. ▮ As a general rule, it is said that contracting parties may by agreement specify what law is to control their contract if "enforcement of the contract by a local court in accordance with the foreign law agreed to be controlling does not result in an evasion of the settled public policy or a statute of the forum protecting its citizens." (11 Cal.Jur.2d, § 55, p. 138.)

We recognize that the choice-of-law question is not foreclosed by the existence of an applicable California statute where New York State has substantial contacts with the transaction and the parties, if no attempt to evade California law appears. But an agreement designating applicable law will not be given effect if it would violate a strong California public policy. (*Ury* v. *Jewelers Acceptance Corp.* (1964) 227 Cal.App.2d 11, 20 [38 Cal.Rptr. 376]; cf. *People* v. *Globe & Rutgers Fire Ins. Co.* (1950) 96 Cal.App.2d 571, 575 [216 P.2d 64] [upholding contract provisions designating applicable law].) ▮ Here Business and Professions Code section 16600 explicitly declares that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." The California Supreme Court in *Muggill* v. *Reuben H. Donnelley Corp., supra,* 62 Cal.2d 239, at page 242, has on closely similar facts held a forfeiture provision to be invalid. We conclude from the California Supreme Court's treatment of the problem that section 16600 does represent a "strong public policy" of this state. Therefore the agreement for application of New York law must not be allowed to defeat that policy.

It does not follow, however, that the entire contract was necessarily unlawful. Issues of law and fact may emerge as to the severability of the unlawful penalty provision. A latent question exists as to whether the agreements of the parties may be construed as applying only to such permissible subjects of restraint as breaches of confidence and misappropriation of trade secrets. Other questions may be raised as to the time and circumstances of respondent's employment and the amount of any benefits earned and remaining unpaid. All of these matters, whether they involve questions of law or questions of fact are in the first instance properly subject to arbitration. (*In re Frick* (1933) 130 Cal.App. 290, 292 [19 P.2d 836].) If the award wrongly gives effect to an unlawful contractual provision, it will be

subject to attack on the hearing of any petition for confirmation. (See *Loving & Evans* v. *Blick* (1949) 33 Cal.2d 603 [204 P.2d 23].)

The order denying arbitration is reversed.

Devine, P. J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.