[Civ. No. 48978. Second Dist., Div. Three. Apr. 26, 1977.]

MITCHUM, JONES & TEMPLETON, INC., Plaintiff and Appellant, v. ARISTOTLE G. CHRONIS, Defendant and Respondent.

Miller & Stern and Stanley Stern for Plaintiff and Appellant.

Ashen, Chronis, Blau & Schaap and Phillip Chronis for Defendant and Respondent.

**OPINION**

**ALLPORT, J.**—Mitchum, Jones & Templeton, Inc., a corporation, appeals from "Findings of Fact and Order" filed December 1, 1975, denying its petition to confirm arbitration award. The appeal lies. (Code Civ. Proc., § 1294; *Robinson* v. *Superior Court,* 35 Cal.2d 379, 382 [210 P.2d 10].)

It appears without conflict that in August 1970 the Mitchum firm and Aristotle G. Chronis entered into a written employment contract wherein, inter alia, the parties agreed "that any controversy between me and any member or member organization or affiliate or subsidiary thereof arising out of my employment or the termination of my employment shall be settled by arbitration at the instance of any such party in accordance with the arbitration procedure prescribed in the Constitution and rules then obtaining of the New York Stock Exchange." This identical arbitration provision was held to be enforceable in *Frame* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 20 Cal.App.3d 668, 671-672 [97 Cal.Rptr. 811].

In June of 1973 Mitchum instituted an arbitration of an employment controversy involving Chronis as a result of which a board of arbitrators issued its decision on October 10, 1974, awarding Mitchum the sum of $22,283.23. A hearing was then set in the superior court on Mitchum's petition to confirm the award and on December 1, 1975, the trial court made the following findings of fact and order:

"1. The Court finds that Petitioner has not established that the provisions of the arbitration agreement relied upon in the petition are self-executing;

"2. The Court finds that Petitioner did not petition the Court for any order compelling Respondent to participate in an arbitration prior to the hearing thereof;

"3. The Court finds that Petitioner was advised prior to the holding of the purported arbitration hearing that Respondent would not participate therein;

"4. The Court finds that the arbitration proceeding which Petitioner seeks to confirm was held without the participation of Respondent or his counsel and over the objection of Respondent;

"5. The Court finds that the Respondent, ARISTOTLE G. CHRONIS, was notified by letter dated October 22, 1974, of the decision of the arbitrators and said letter enclosed a copy of said decision. Return receipts in the file indicate that Respondent, ARISTOTLE G. CHRONIS, received the arbitration decision on October 29, 1974;

"6. The Court finds that Petitioner had filed on October 12, 1973, a plenary legal action in the Superior Court, Los Angeles County, against Respondent, ARISTOTLE G. CHRONIS, relating to the same factual situation which constituted the subject matter of the purported arbitration which Petitioner seeks to confirm;

"7. The Court finds that Respondent has filed a verified answer to the verified complaint of Petitioner on file herein and that the matter is at issue;

"8. The Court finds that Petitioner has waived any right it may have had to arbitrate its dispute with Respondent by virtue of the filing of said legal action;

"9. Upon consideration of the foregoing findings of fact, the petition, declarations, briefs and oral argument of counsel, the Court now hereby denies said petition for confirmation. Counsel for Respondent to give notice within five (5) days." From this order Mitchum appeals.

It is contended on appeal that the order denying confirmation should be reversed because of various errors of law indulged in by the trial court in concluding that the award made by the arbitrators was unenforceable.[1]

■ We conclude that the trial court was in error in denying confirmation of the award for the following reasons. As pointed out *supra,* the order denying the petition for confirmation in effect dismisses the proceeding before the court and is tantamount to an order vacating the award. (*Robinson* v. *Superior Court, supra,* 35 Cal.2d 379, 382.) The power of the trial court to vacate the award or dismiss the proceeding under Code of Civil Procedure section 1286 is circumscribed by section 1286.2. (See *United Brotherhood of Carpenters etc., Local 642* v. *DeMello,* 22 Cal.App.3d 838 [100 Cal.Rptr. 564], wherein it was said that, before an arbitration award may be vacated, a party must demonstrate that his ground is supported by section 1286.2.)

■ As we perceive the argument in the instant case, no claim is made that the award was procured by any means condemned by section 1286.2 except that it may be inferred from the total argument that the arbitrators "exceeded their powers" in making any award at all. Assuming such to be the argument, we must conclude it to be without merit. A written agreement to submit a controversy to arbitration is valid and enforceable (Code Civ. Proc., § 1281) and, if the arbitration clause is self-executing, a prior court order to arbitrate under section 1281.2 is not necessary. (*Kustom Kraft Homes* v. *Leivenstein,* 14 Cal.App.3d 805, 810 [92 Cal.Rptr. 650].) In *Titan Enterprises, Inc.* v. *Armo Construction, Inc.,* 32 Cal.App.3d 828, 832 [108 Cal.Rptr. 456], the procedure employed by Mitchum was given judicial approval, wherein it was said: "We think that the same policy applies where an arbitration proceeds, under a 'self-executing' agreement, without a preliminary court order. While an objector may, on a sufficient showing, stay the arbitration, the general policy is to require him to proceed with arbitration and then raise his

---

[1]Specifically it is argued that the arbitration agreement was self-executing, that a court order compelling arbitration was not a condition precedent to instituting the arbitration proceedings, the right to arbitrate was not waived by the filing of the legal action on October 12, 1973, and Chronis was foreclosed from contesting the award by failing to make timely objection thereto as required by Code of Civil Procedure section 1288.2.

objections either by opposition to a petition to confirm (as here) or by a petition under subdivision (d) of section 1286.2 of the Code of Civil Procedure to vacate the award." ■ As pointed out in *Frame, supra*, 20 Cal.App.3d 668, an arbitration clause such as the one in Chronis' employment contract is valid and enforceable. (See also *Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 24 Cal.App.3d 35, 39 [100 Cal.Rptr. 791], affd. 414 U.S. 117 [38 L.Ed.2d 348, 94. S.Ct. 383].) ■ A "self-executing" arbitration clause is one which permits and provides for arbitration under rules therein incorporated. (*Titan Enterprises, Inc., v. Armo Construction, Inc., supra*, 32 Cal.App.3d 828, 830.) In *Kustom Kraft Homes v. Leivenstein, supra*, 14 Cal.App.3d 805, 811, it was held that an arbitration clause which "did import into the contract the entire scheme for arbitration as established by the rules of the American Arbitration Association" was sufficiently comprehensive to be self-executing. The contract in the instant case provided for arbitration in accordance with the arbitration procedure prescribed in the constitution and rules of the New York Stock Exchange. The record before us contains a declaration of Daniel A. Miller filed in support of the petition to confirm, to which is attached a copy of this constitution and these rules. This declaration establishes that the arbitration in the instant case was conducted in accordance therewith.[2] ■ The constitution and the rules themselves are sufficiently comprehensive to support a conclusion that the provision for arbitration in the Chronis employment agreement is self-executing.[3] Bearing in mind that a similar arbitration provision was held valid and enforceable in *Frame, supra*, 20 Cal.App.3d 668, 671-672, we conclude that the arbitrators did not exceed their powers in undertaking arbitration in this case without Mitchum first obtaining an order to arbitrate under section 1281.2. In finding otherwise because the agreement was not self-executing the trial court erred. In so holding we are aware that the trial court found that the arbitration proceeding was conducted without participation therein by Chronis and over his objection. However, there is no finding that the arbitrators did not proceed in

[2]The declaration states in part: "Attached hereto, as Exhibit 'I', is the copy of the Constitution and Rules of the New York Stock Exchange Arbitration Board, *pursuant to which the subject arbitration was conducted.*" (Italics added.)

[3]We do not agree with Chronis' argument at page 7 of his brief that the constitution and rules of the New York Stock Exchange are not properly a part of the record because there is no showing that the document was the one used at the arbitration. In so arguing Chronis fails to recognize that the Miller declaration, *supra*, so shows. Neither the declarations filed in opposition to the petition to confirm nor anything else in the record before us suggests that an objection was made to the Miller declaration as required by Evidence Code section 353. The objection cannot be raised for the first time on appeal. (*People v. McDowell*, 27 Cal.App.3d 864, 878-879 [104 Cal.Rptr. 181]; *Vanguard Recording Society, Inc. v. Fantasy Records, Inc.*, 24 Cal.App.3d 410, 419-420 [100 Cal.Rptr. 826].)

■

accordance with the constitution and rules of the New York Stock Exchange with respect to notice or otherwise. The rules expressly provide in part, "If any of the parties, after due notice, fails to be present or represented at a hearing or any adjourned hearing, the Arbitrators may, nevertheless, in their own discretion, proceed with the adjudication of the controversy." Thus in doing so the arbitration board was not acting in excess of its powers.

■ In finding that the filing of the plenary legal action on October 12, 1973, in the superior court resulted in a waiver of the right to arbitrate, the trial court was in error. Mitchum initiated the arbitration procedure in June of 1973. Thereafter, apparently out of caution, it filed a complaint for damages in the superior court on October 12, 1973, but continued to proceed with the arbitration and presented proof of its claim to the arbitrators on October 10, 1974. Chronis declined to appear before the arbitrators. While he had previously objected to arbitration on the ground of lack of jurisdiction, the basis for that objection was not that arbitration had been waived by the filing of the superior court action. In fact, Chronis did not learn of that court action until June 5, 1975, when the petition to confirm the arbitration award came before the court. Shortly thereafter Chronis voluntarily filed an answer to the complaint. Since the issue of waiver was not presented to the arbitrators, it is manifest that they made no determination thereof.

Thus it is undisputed that Chronis placed no reliance on the filing of the action for damages—of which he was unaware—and was not misled by Mitchum in any way in charting his course with respect to the arbitration. Consequently there was no basis in the record for the finding that Mitchum had waived its right to arbitrate the matter. (See *Seidman & Seidman* v. *Wolfson,* 50 Cal.App.3d 826, 836 [123 Cal.Rptr. 873].)

In view of our conclusion that the order denying confirmation must be reversed, we need not consider Mitchum's contention of estoppel created by Chronis' failure to comply with section 1288.2.

The order denying confirmation of the arbitration award of October 10, 1974, is reversed and the cause remanded with directions to make a new and different order confirming the arbitration award.

Ford, P. J., and Potter, J., concurred.