[Civ. No. 53599. Second Dist., Div. Four. Mar. 6, 1979.]

N.A.M.E.S., Plaintiff and Appellant, v.
HARVEY SINGER, Defendant and Respondent.

COUNSEL

Hecht, Diamond & Greenfield and Eric R. Greenspan for Plaintiff and Appellant.

Arkin & Weissman and Andrew N. Weissman for Defendant and Respondent.

OPINION

KINGSLEY, Acting P. J.—Petitioner appeals from an order, made pursuant to section 1287.2 of the Code of Civil Procedure, dismissing its petition to confirm the award of an arbitrator.

In June 1976, petitioner and respondent entered into a written agreement whereby petitioner agreed to perform certain work of repair and painting on a vessel owned by respondent. The agreement was in a printed form used by petitioner, signed by respondent. Directly under respondent's signature there is printed, in type of the same size as that used for the rest of the form, the words "Subject to Provisions on the Reverse Side." On the reverse side of the form appear four provisions, the last of which provides for arbitration. After the work was completed, respondent contended that it had not been done satisfactorily and refused payment. In accordance with the arbitration provision, petitioner filed a demand for arbitration; respondent refused to arbitrate and an ex parte hearing was held resulting in an award in favor of petitioner. It then filed its petition to conform to which respondent objected. The trial court held that there had been no assent by respondent to the arbitration provision and dismissed the petition.

Respondent's declaration contends that the agreement was prepared, by handwritten insertion of the work to be done, on a form that was part of a pad, bound at the top, that his attention was not called to the arbitration provision and that he was unaware of it until he was served with a copy of the demand for arbitration. The declarations are in conflict over whether respondent was given a copy of the agreement and the trial court's findings do not resolve that issue. The findings are only that:

"1. On June 15, 1976, Petitioner and Respondent entered into a written agreement for repair and renovation of Respondent's boat by Petitioner.

"2. The arbitration provisions of said agreement, contained on the reverse side of Petitioner's bid form, were not revealed to Respondent on or before June 15, 1976 or at any time thereafter until Petitioner demanded arbitration.

"3. Respondent was not aware of the arbitration provisions' existence or the terms thereof until arbitration was demanded." Those findings are consistent with respondent's claim that his attention was not called to the arbitration provisions and that he was not aware of them; they do not negate the possibility that he was given a copy which he did not read.

■ Both parties are in agreement that the general rule is that a party is bound by provisions in an agreement which he signs, even though he has not read them and signs unaware of their existence. Respondent relies on our decision in *Windsor Mills, Inc.* v. *Collins & Aikman Corp.* (1972) 25 Cal.App.3d 987 [101 Cal.Rptr. 347], wherein this court recognized an exception to that general rule. In *Windsor* the agreement form contained a reference to provisions on its reverse side, one of which was an arbitration clause. As we pointed out in our opinion in that case, the portion of the face of the agreement, which occupied twelve lines in the printed opinion, was, in the form, compressed into nine lines of type, occupying only five-eighths of an inch of vertical space and five and three-sixteenths of an inch of lateral space. In the case at bench the reference is printed in boldface, in the type size used for the entire agreement, prominently centered immediately below the place where respondent's signature appears. In *Windsor* the arbitration provision was buried among a page-long group of provisions, printed in the smallest type and scarcely legible. In the case at bench, the arbitration provisions are in substantially larger type, double spaced and clearly legible.

We conclude that those factual differences render *Windsor* inapplicable to the case before us. Respondent had ample opportunity to advise himself of the fact that he was assenting to arbitration; that he chose not to do so is no defense to his obligation to arbitrate.

I

Because they are argued vigorously in the briefs, we comment on two points raised by respondent:

(a) ■ The agreement before us is not one of adhesion. There is nothing to show that respondent was under any kind of pressure to enter

into a contract at once, or that he could not have availed himself of other of the many similar facilities in the Los Angeles area.

(b)     While, when respondent advised the chosen arbitrator that he was unwilling to arbitrate, petitioner might have instituted a petition, under section 1281.2 of the Code of Civil Procedure, to compel arbitration, we know of no legal requirement that it do so. It was entitled to do, as it did, and serve its demand for arbitration on the arbitrator designated in the agreement. As *Windsor* shows, respondent, on receipt of a copy of that demand, could have sought the aid of the superior court, by a complaint for injunction, to test his contention that no binding agreement to arbitrate existed. He chose, instead, to ignore the whole matter. He cannot here complain that he was wrong.

The order is reversed with directions to vacate the order of dismissal and enter a new, and different, order confirming the award.

Jefferson (Bernard), J., and Alarcon, J., concurred.