[Civ. No. 61582. Second Dist., Div. One. June 24, 1981.]

CHARLES R. KING, Plaintiff and Respondent, v.
LARSEN REALTY, INC., et al., Defendants and Appellants.

COUNSEL

Martin Wolff for Defendants and Appellants.

Collison & Kersten and Jack L. Collison for Plaintiff and Respondent.

Lasky, Haas, Cohler & Munter and Moses Lasky as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

**SPENCER, P. J.—**

### INTRODUCTION

Appellants (respondents below) Larsen Realty, Inc., Barbara Larsen and Bud Doty appeal from a judgment confirming an arbitration award in favor of respondent (petitioner below) Charles R. King. Appellants opposed the petition for confirmation on the ground that there had been no lawful arbitration.

### STATEMENT OF FACTS

On July 16, 1979, the California Association of Realtors advised members and appellants Barbara Larsen and Bud Doty that member and respondent Charles R. King had requested interboard arbitration of a controversy between the parties over a real estate sales commission. At that time, appellants were members of the Paso Robles Board of Realtors and respondent was a member of the Santa Ynez Valley Board of Realtors. Appellants filed, by letter, an objection to the jurisdiction and authority of the California Association of Realtors on the ground that they had not entered into a written agreement to the arbitration of interboard disputes. Appellants' counsel subsequently advised the California Association of Realtors that any attempt to force appellants into interboard arbitration would be opposed. In response, appellants were advised that their proper course of action was "to complete and return [the] action in this matter so that it may be determined on all issues, including jurisdiction."

On October 2, 1979, appellants received a notice of hearing of the proposed arbitration bearing the notation "The response has not been

received from the Respondent [appellants herein], however the hearing will proceed without it." Appellants' counsel replied, referring to the earlier letter in objection to jurisdiction as a filed written response and stating that, "Under the circumstances your only remedy to force arbitration is through the appropriate action in Superior Court for mandamus." Counsel further advised that appellants would not appear at the scheduled hearing.

On October 30, 1979, appellants were advised that the California Association of Realtors intended to proceed with arbitration in their absence, to which appellants' counsel replied that a unilateral arbitration would be considered an abuse of process. On November 20, 1979, the California Board of Realtors interboard arbitration panel held an arbitration which respondent attended but appellants did not. After taking evidence, the arbitrator made an award in favor of respondent, a copy of which was duly mailed to appellants. Thereafter, respondent sought confirmation of the award.

When appellants applied for membership in the Paso Robles Board of Realtors they agreed "to abide by the Code of Ethics of the National Association of Realtors, and the Constitution, Bylaws and Rules and Regulations of the Paso Robles Board of Realtors, California Association of Realtors, the State Association, and National Association of Realtors, the National Association." The bylaws of the Paso Robles Board of Realtors require applicants to agree to abide by the constitution and bylaws of the state association (art. V, § 1), and impose upon members the duty to arbitrate as set forth in the Arbitration Manual (art. VII). The bylaws of the Santa Ynez Valley Board of Realtors contain identical provisions. Appellant Larsen read the bylaws of the Paso Robles Board of Realtors upon applying for membership while appellant Doty read his application for membership prior to signing it and enjoyed familiarity with the Arbitration Manual.

The California Association of Realtors Code of Ethics and Arbitration Manual Part Two, section 15 imposes on members a duty to submit to interboard arbitration in the event that local bylaws contain a similar requirement and arbitration facilities are available. The California Association of Realtors Inter-Board Arbitration Manual establishes facilities for the arbitration of disputes between members of different local boards affiliated with the state association. Section 5, subdivision (c) provides that the party complained of is bound to arbitrate if so bound by local bylaws regardless of whether he submits a response to

the arbitration complaint. Section 14 provides that an arbitrator may hear and determine the controversy upon the evidence produced at a hearing scheduled at the request of either party, notwithstanding the failure to appear of one duly notified party.

## CONTENTIONS

### I

Appellants contend that Code of Civil Procedure section 1281.2 provides an exclusive statutory procedure to compel arbitration upon a party's refusal to comply with a demand for arbitration.

### II

. Appellants further assert that the trial court lacked the authority to make a postarbitration finding that the arbitration was lawfully conducted pursuant to an underlying written agreement.

## DISCUSSION

### I

There is no merit to appellants' contention that Code of Civil Procedure section 1281.2[1] provides an exclusive statutory remedy to compel arbitration. It is well settled that an arbitration agreement may be self-executing, its provisions obviating the need to resort to statutory proceedings. (*Brink* v. *Allegro Builders, Inc.* (1962) 58 Cal.2d 577, 579 [25 Cal.Rptr. 556, 375 P.2d 436]; *Mitchum, Jones & Templeton, Inc.* v. *Chronis* (1977) 72 Cal.App.3d 596, 600 [140 Cal.Rptr. 160]; *Kustom Kraft Homes* v. *Leivenstein* (1971) 14 Cal.App.3d 805, 810-811 [92 Cal.Rptr. 650].) The statutory scheme embodied in section 1281.2 was designed to afford a remedy where the parties have not provided for the contingency of refusal to comply with a request to arbitrate. (*Brink* v. *Allegro Buildings, Inc., supra*, 58 Cal.2d 577, 579.) An arbitration agreement is self-executing where it "permits and provides for arbitration under rules therein incorporated." (*Mitchum, Jones & Templeton, Inc.* v. *Chronis, supra*, 72 Cal.App.3d 596, 601.)

---

[1]Code of Civil Procedure section 1281.2 provides in pertinent part: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the

In the instant case, the application for membership in the Paso Robles Board of Realtors which appellants signed provide that the member agrees to abide by the constitution, bylaws, rules and regulations of the local board and the state association. The Paso Robles Board of Realtors Bylaws impose upon members the duty to arbitrate on the terms set forth in the California Association of Realtors Arbitration Manual. The Arbitration Manual sets forth a complete scheme for arbitration, including interboard arbitration providing facilities are available and the Interboard Arbitration Manual establishes the requisite facilities. Hence the entire scheme of interboard arbitration was incorporated into the bylaws of the Paso Robles Board of Realtors. When the rules set forth in the Interboard Arbitration Manual providing that arbitration properly demanded by either disputant may proceed in the absence of a party who refuses to appear are read into that provision of the application for membership which requires members to abide by the bylaws of the Paso Robles Board of Realtors, the contract of membership is comprehensive enough to be a self-executing arbitration agreement.

Appellants' assertion that the preamble to the Code of Ethics and Arbitration Manual of the board establishes a contractual duty to petition a court to compel arbitration is specious. The preamble does no more than set forth considerations of prudence with respect to board conduct, providing guidance aimed at the "protection . . . against [the] necessity of expensive and unjustified legal action." Accordingly, the preamble advises that, in determining whether to discipline a member for refusing to fulfill his arbitration duties or to petition a court to compel arbitration or enforce an arbitration award, the "Board should consider lawfulness but also prudence and take the course which exposes the Board to no litigation or to the least expensive litigation or to litigation least likely to result in liability, bearing in mind the uncertainties of all litigation." No logical construction of this language creates any limitation on the right to enforce a self-executing arbitration agreement.

We note that the only limitation imposed on the compulsory duty to arbitrate is contained in part two, section 13 of the Arbitration Manual, incorporated by reference into the Paso Robles Board of Realtors by-

---

court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

 "(a) The right to compel arbitration has been waived by the petitioner; or
 "(b) Grounds exist for the revocation of the agreement."

laws. Section 13, subdivision (b) provides: "Every nonmember shall be entitled to invoke the arbitration facilities of the Board in any dispute with a member, however, it shall be optional with the member as to whether he will submit a claim to arbitration by a nonmember who is engaged in the real estate business."

Appellants' attempt to wrest from this language the existence of no more than a permissive opportunity to arbitrate interboard disputes, rather than a mandatory duty, must fail. The whole of a contract is to be taken together so as to give effect to every part. (Civ. Code, § 1641.) Part two, section 15 of the Arbitration Manual creates a mandatory duty to submit to interboard arbitration. Hence, when read with section 15, the permissive privilege granted in section 13 clearly applies only to intraboard arbitration (i.e., arbitration before a local board of realtors rather than the California Real Estate Association's interboard facilities).

Finally, we note that appellants' argument that even a self-executing arbitration agreement may not be be enforced without a prior court assessment of its self-executing properties is pure tautology. Concededly, the interpretation of the meaning and effect of a contract is a question of law to be determined by a court. (*Clark* v. *Lesher* (1956) 46 Cal.2d 874, 883 [299 P.2d 865]; *Schwartz* v. *McGraw-Edison Co.* (1971) 14 Cal.App.3d 767, 778 [92 Cal.Rptr. 776, 66 A.L.R.3d 808].) However, to require that the question of whether the arbitration provisions of a contract are self-executing be determined prior to enforcement is to render meaningless the rule enunciated in *Brink* v. *Allegro Builders, Inc., supra,* 58 Cal.2d 577 that a self-executing arbitration agreement obviates the need to resort to statutory proceedings. More logically, it appears that a party to an arbitration agreement may seek a declaratory judgment that the agreement is self-executing, but remains free, if he chooses, to act in enforcement thereof absent declaratory judgment. Accordingly, we hold that respondent's failure to invoke Code of Civil Procedure section 1281.2 to compel arbitration raised no bar to the trial court's confirmation of the arbitration award.

## II

█ Appellants further assert that the trial court lacked the authority to make a postarbitration finding that the arbitration was lawfully conducted pursuant to an underlying written agreement. We disagree. Just as a party seeking arbitration may act to enforce, without judicial

proceedings, an agreement he takes to be self-executing, he may assume that the underlying document represents a valid, enforceable agreement to arbitrate. The very purpose of creating self-executing agreements is to promote efficiency by providing in advance for the contingency that one party may challenge his duty to arbitrate. (See, e.g., *Brink* v. *Allegro Builders, Inc., supra*, 58 Cal.2d 577, 578-579.) Thus a determination of the validity and enforceability of a purported written agreement to arbitrate is a proper function of the trial court upon a petition for confirmation of an award and we consider appellants' contention as asserting that the trial court erred in finding a written arbitration agreement.

■ Appellants correctly maintain that arbitration is purely a matter of contract. (*Harrison* v. *California State Auto. Assn. Inter-Ins. Bureau* (1976) 56 Cal.App.3d 657, 661 [128 Cal.Rptr. 514].) However, there is a presumption in favor of arbitration (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706 [131 Cal.Rptr. 882, 552 P.2d 1178]), and where one contracts to abide by bylaws which contain provisions for arbitration, one is bound to arbitrate. (*Ware* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1972) 24 Cal.App.3d 35, 41 [100 Cal.Rptr. 791]; *Gear* v. *Webster* (1968) 258 Cal.App.2d 57, 61 [65 Cal.Rptr. 255].

■ It is beyond question that appellants contracted to abide by the bylaws of the Paso Robles Board of Realtors and that article VII of those bylaws imposes a duty to arbitrate as set forth in the Arbitration Manual which is incorporated therein by reference. A secondary document becomes part of a contract as though recited verbatim when it is incorporated into the contract by reference provided that the terms of the incorporated document are readily available to the other party. (*Williams Constr. Co.* v. *Standard-Pacific Corp.* (1967) 254 Cal.App. 2d 442, 454 [61 Cal.Rptr. 912].) The Arbitration Manual was readily available to appellants.

Part two, section 15 of the Arbitration Manual binds every member of the California Association of Realtors to "submit to arbitration . . . any dispute with a member of any other local board affiliated with California Association of Realtors, provided (1) by By-Laws of the other local board contain a provision similar to this, and (2) California Association of Realtors has established arbitration facilities capable of handling the dispute." By incorporating the Arbitration Manual, including this provision, into the bylaws, the Paso Robles and Santa Ynez

Valley Boards of Realtors bound their members to submit to interboard arbitration.

Appellants nevertheless argue that the bylaws do not constitute a valid contractual agreement to arbitrate in that mere incorporation by reference is inadequate to put a member on notice that he is contracting to submit to mandatory interboard arbitration. As noted above, the Arbitration Manual was readily available to appellants. In fact, appellant Doty was familiar with the Manual, having referred thereto on occasion. As a general rule, a party is bound by the provisions of an agreement which he signs, even though he does not read them and signs unaware of their existence. (*Madden v. Kaiser Foundation Hospitals, supra,* 17 Cal.3d 699, 710; *N.A.M.E.S. v. Singer* (1979) 90 Cal.App.3d 653, 656 [153 Cal.Rptr. 472].) ■ The sole exception to the rule is a contract of adhesion. A contract is classified as one of adhesion when it limits the duties or liabilities of the stronger party, and the weaker party experiences coercive pressure to sign. (*Madden v. Kaiser Foundation Hospitals, supra,* 17 Cal.3d 699, 711.) ■ The instant contract reveals no provisions weighted in favor of the stronger party and appellants have not established the existence of economic coercion to contract. (See *Gear v. Webster, supra,* 258 Cal.App.2d 57, 62.) Accordingly, the contract is not one of adhesion and appellants remain bound by its provisions despite their ignorance of the interboard arbitration provisions. The trial court correctly found the existence of an underlying written agreement to arbitrate.

The judgment is affirmed.

Lillie, J., and Fletcher, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.