**ABLE BUILDING MAINTENANCE CO., Plaintiff—Appellee,**

**Board of Trustees of General Employees Trust Fund, Counterclaimant—Appellant,**

v.

**BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND; et al., Defendants—Appellants,**

**Able Building Maintenance Co., Counter-defendant— Appellee,**

and

**Charles Gilchrist, an individual; et al., Defendants.**

No. 04–16173.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Feb. 14, 2006.

Decided March 31, 2006.

Kenneth D. Simoncini, Esq., Kerri A. Johnson, Esq., Simoncini & Associates, San Jose, CA, for Plaintiff–Appellee.

Raphael Shannon, Esq., Diane Sidd–Champion, Esq., Daniela I. Kraiem, Esq., McCarthy, Johnson & Miller, San Francisco, CA, for Counter–Claimants–Appellants/Defendants–Appellants/Defendants.

Steven B. Soltman, Esq., Susan Beam, Esq., Soltman Levitt & Flaherty LLP, Westlake Village, CA, for Defendants.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

## MEMORANDUM *

The appellants, the General Employees Trust Fund and its Board of Trustees ("Trust Fund"), appeal a decision of the district court, vacating an arbitration award in part and confirming the award in part. We reverse in part and remand.

In vacating the arbitration award in part, the district court reasoned correctly that the arbitration permitted by the Trust Indenture, in Section 7.13, does not apply to the part of the dispute that relates to losses incurred by the Trust Fund as a result of "improper contributions" made by the appellee, Able Building Maintenance Company ("Able").[1] The district court was correct that Section 7.13 applies only to the other part of the dispute—the part involving "delinquent claims." By not participating in the arbitration proceeding, however, Able waived any objection to the arbitrator's exercise of jurisdiction over both, rather than only one, of the two claims. Under California law, when an arbitration is conducted pursuant to a self-executing arbitration clause, as occurred here,[2] a party with notice and opportunity to appear must raise before the arbitrator any procedural objections, including those relating to the arbitrator's jurisdiction over a particular claim, in order to preserve those objections for judicial review. Otherwise, the objections are waived. *See Nat'l Marble Co. v. Bricklayers & Allied Craftsmen*, 184 Cal.App.3d 1057, 1063–64, 229 Cal.Rptr. 653 (1986); *cf. United Steelworkers of Am. v. Smoke–Craft, Inc.*, 652 F.2d 1356, 1360 (9th Cir.1981) (finding, in a challenge to an arbitration that proceeded under federal law, that a party cannot raise in a confirmation proceeding procedural objections to an arbitration that it had failed to raise before the arbitrator because an objecting party has "an affir-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Trust Indenture also contains a general arbitration clause, Section 6.6, which provides that "[t]he trustees shall have the power to ... arbitrate ... any obligations, liability or claim involving this trust." We need not consider the effect of that provision here.

2. "A 'self-executing' arbitration clause is one which permits and provides for arbitration under rules therein incorporated" without the need for a prior court order. *Mitchum, Jones & Templeton, Inc. v. Chronis*, 72 Cal.App.3d 596, 601, 140 Cal.Rptr. 160 (1977); *see also Nat'l Marble Co. v. Bricklayers & Allied Crafts-*

*men*, 184 Cal.App.3d 1057, 1063, 229 Cal. Rptr. 653 (1986) (stating an agreement's "provisions are self-executing in ... that they set forth, without the necessity of resort to extrinsic material, the procedure to be followed ... in deciding contractual disputes"). Because the Trust Indenture sets forth the procedure for arbitrating claims relating to unpaid contributions, and a claim involving such contributions was referred to arbitration (albeit along with a claim on a different matter that was arbitrable but not covered by Section 7.13), the referral to arbitration was self-executing—no court order was required to establish the procedure by which arbitration of the claim for unpaid contributions was to be conducted before it could commence.

mative obligation to present to the arbitrator any arguments why the arbitration should not proceed. Parties to arbitration proceedings cannot sit idle while an arbitration decision is rendered and then, if the decision is adverse, seek to attack the award collaterally on grounds not raised before the arbitrator."). Here, as the district court correctly found, Able was given proper notice of the arbitration and the opportunity to participate, but chose not to appear. By not appearing before the arbitrator to object to her exercise of jurisdiction over the part of the dispute relating to losses arising from the improper contributions, the appellee waived that objection.[3] Because Able waived that objection and because the delinquent contributions claim was properly arbitrated pursuant to Section 7.13, we reverse the district court's partial vacatur of the arbitration award and remand to the district court so that it may confirm the award in full and determine the costs and attorney's fees, if any, to be borne by the appellees.

**REVERSED IN PART AND REMANDED.**

---

**3.** Our conclusion that Able waived its objection to the arbitrator's exercise of jurisdiction over the part of the dispute relating to losses arising from improper contributions is unaffected by its argument that the arbitration should not have taken place because it had filed a complaint to enjoin it. As the district court correctly explained, Able never made the arbitrator aware that it had filed the complaint, which it could have done simply by appearing at the arbitration, of which it had proper notice, and giving the arbitrator a copy of the complaint. Instead, the appellee chose not to appear. In any event, Able offers no authority—and we are aware of none—for the proposition that the mere filing of a complaint precludes an arbitrator from proceeding with an arbitration. Accordingly, had Able made the arbitrator aware of the com-

plaint and the arbitrator decided to nevertheless continue the arbitration, Able would have been required to participate in the proceedings and then raise its procedural objection before a court via a petition to vacate the award or by opposition to a petition to confirm. *See Nat'l Marble Co.,* 184 Cal.App.3d at 1063–64, 229 Cal.Rptr. 653; *see also A. & E. Plastik Pak Co. v. Monsanto Co.,* 396 F.2d 710, 714 n. 4 (9th Cir.1968) (noting that when a party seeks a court order enjoining an arbitration, the proper course of action is for it to participate in the arbitration until it actually obtains the injunction).

