# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

<table>
<tr><td>NUVASIVE, INC.,<br>a Delaware Corporation,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td style="text-align:center">Plaintiff,</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td style="text-align:center">v.</td><td>)<br>)</td><td>C.A. No. 2017-0720-SG</td></tr>
<tr><td>PATRICK MILES,<br>an individual,</td><td>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td style="text-align:center">Defendant.</td><td>)</td><td></td></tr>
</table>

## MEMORANDUM OPINION

Date Submitted:  June 27, 2018
Date Decided:  September 28, 2018

Philip Trainer, Jr. and Aaron P. Sayers, of ASHBY & GEDDES, Wilmington, Delaware; OF COUNSEL: Rachel B. Cowen and Michael J. Sheehan, of MCDERMOTT WILL & EMERY, Chicago, Illinois; Christopher W. Cardwell, GULLET, SANFORD, ROBINSON & MARTIN, Nashville, Tennessee, *Attorneys for Plaintiff*.

Philip A. Rovner and Jonathan A. Choa, of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware; OF COUNSEL: Kenneth M. Fitzgerald and Keith M Cochran, of FITZGERALD KNAIER LLP, San Diego, California, *Attorneys for Defendant*.

GLASSCOCK, Vice Chancellor

This matter is before me on the Defendant's Motion for Partial Summary Judgment. The Defendant, Patrick Miles, is a resident of California. He was employed by the Plaintiff, NuVasive, Inc. ("NuVasive"), a Delaware corporation doing business in California, where the parties contemplated the employment would be performed. The employment agreement between the parties, absent a choice of law provision, would be subject to California law. The parties agreed in the employment agreement, however, that Delaware law (and forum) would apply. The employment agreement also contained a covenant not to compete. For purposes of this summary judgement analysis, I assume that Miles breached the covenant not to compete when he left NuVasive and accepted employment with a competitor. At the time the contract was entered, California law mandated that all covenants not to compete in employment contracts were void. Delaware, by contrast, enforces reasonable covenants not to compete, and has a strong interest in freedom of contract. The issue before me is therefore stark. If the choice of law provision is enforced, the parties will successfully have contracted around California law, and NuVasive may proceed with this litigation to attempt to hold Miles to his bargain. If California law is applied, the non-compete provision was illusory, and Miles is free to accept employment with a NuVasive competitor.

A similar matter came before this Court recently in *Ascension Insurance Holdings, LLC v. Underwood*. In that case, I applied the choice of law analysis set

1

out in the Restatement (Second) of Conflict of Laws, which required a balance of the public policies of the states involved; in brief, I concluded that Delaware's strong but generalized public policy in favor of freedom of contract was trumped by California's specific policy in favor of freedom of employment. Accordingly, I declined to enforce the Delaware choice of law provision.

After *Ascension* was decided, and after the employment contract *in this matter* was entered, California amended the California Labor Code, adding Section 925, which prohibits California employers from even attempting to use choice of law provisions to circumvent the protections of California labor law. That general provision, to the extent it adds anything to a choice of law analysis, broadly conveys the interest of the California legislature in preventing contractual circumvention of its labor law.

Section 925, however, has a carve-out pertinent here. It exempts from the restriction on importing another state's law those contracts where the "employee . . . is in fact individually represented by legal counsel in negotiation the terms of" the choice of law provision.[1] In other words, California's legislature has balanced the state's interests in enforcement of its labor law (which includes freedom of employment) with its additional interest in freedom of contract. It has recognized that in the limited subset of cases where the inequality of bargaining strength of the

---

[1] Cal. Lab. Code § 925(e).

2

parties to an employment contract is buffered by the employee being represented by independent counsel, and where counsel participated in negotiation of the terms of a choice of law provision, California's interest in freedom of contract outweighs interest in freedom of employment.

Here, Miles had previously been President and Chief Operating Officer of NuVasive, and the employment agreement in question made him Vice Chairman of the NuVasive board of directors. While the record is not fully developed, I assume for purposes of the current motion that he was represented by counsel in the negotiation of the choice of law and forum provisions of the employment agreement. Section 925 is not retroactive, and under applicable California law the choice of law provision in the employment agreement would be void. Nonetheless, the California legislature has, via Section 925, strongly indicated that California's public interest in prohibiting covenants not to compete, under the narrow factual circumstances present here, is weak, not strong. I apply the choice of law analysis with that understanding, and conclude that I must enforce the parties' choice of Delaware law and forum. My analysis follows.

# I. BACKGROUND

### A. *Miles's Employment at NuVasive*

Plaintiff NuVasive, is a publicly traded Delaware corporation doing business in California.[2] Defendant Miles, a California resident, was first hired by NuVasive in January 2001 and has worked from their San Diego office throughout his employment.[3] From January 2001 to September 2016, Miles held various leadership roles, including President and Chief Operating Officer, and was appointed to the board of directors in August 2016.[4] On September 11, 2016, Miles entered into a new employment agreement (the "Agreement") with NuVasive and became Vice-Chairman.[5] According to the Plaintiff, during negotiations for this position Miles was represented by his personal attorney.[6]

### B. *Miles's New Employment Agreement*

The Agreement included a covenant not to compete and a non-solicitation covenant.[7] Under the covenant not to compete, Miles agreed not to "provide any

---

[2] Aff. of Patrick Miles [hereinafter "Miles Aff."] ¶¶ 2–3.

[3] *Id.* ¶ 3.

[4] Answer ¶ 7.

[5] *See* Def. Br. in Support of Mot. for Partial Summ. J., Ex. A at 3; Pl. Br. in Opp'n to Def. Mot. for Partial Summ. J., Ex. B at 3 [hereinafter "Employment Agreement"].

[6] In his Answer, Miles denied the relevant portions of NuVasive's complaint that alleged he was represented by counsel during negotiation of the Agreement. *See* Compl. ¶¶ 21, 24; Answer ¶¶ 21, 24. However, Miles has not disputed NuVasive's assertion in the briefing for this motion that he was represented by counsel. *See* Def. Reply Br. in Support of Mot. for Partial Summ. J. For the purposes of this Opinion, and consistent with the standard for summary judgment, I assume that Miles was represented by his personal attorney during these negotiations.

[7] *See* Employment Agreement at 2.

4

services to any business operating in any line or type of business conducted by NuVasive or its subsidiaries" for a one-year period after the termination of his employment. [8]  The Agreement included both a Delaware choice of law provision and a Delaware choice of forum provision.[9]

### C. Miles Leaves NuVasive

On October 1, 2017, Miles resigned as Vice Chairman of NuVasive and resigned from the board of directors.[10]  The following day, Miles joined Alphatec Spine, Inc. ("Alphatec Spine"),[11] a California corporation and a purported competitor of NuVasive, as its Executive Chairman of the Board and its Principal Executive Officer. [12]

### D. Procedural History

NuVasive commenced this action on October 10, 2017, alleging, among other things, violation of the covenant not to compete in the Agreement.[13]  On October 13, 2017, Miles and Alphatec Spine filed a parallel action in the Superior Court of California.  On February 20, 2018, the Superior Court of California granted NuVasive's motion to stay that action in part and upheld the forum selection clause

---

[8] *Id.*
[9] *Id.* at 3.
[10] Answer ¶ 41.
[11] Alphatec Spine, Inc. and Alphatec Holdings, Inc. became defendants in this action after this Motion for Partial Summary Judgment was filed. *See* First Amend. Compl.  For purposes of this Motion, I consider the parties as they existed when the Motion was filed.
[12] Answer ¶¶ 41, 43.
[13] Compl. ¶ 54.

in favor of Delaware.[14]  Miles then filed a Motion for Partial Summary Judgment in this matter on March 6, 2017, on the grounds that the covenant not to compete and non-solicitation covenant were unenforceable under California law.[15]  The parties completed briefing on the Motion for Partial Summary Judgment, and I heard oral argument on June 27, 2018.  This Memorandum Opinion addresses Defendant's motion.

## II. ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law."[16] "In discharging this function, the court must view the evidence in the light most favorable to the non-moving party.  This means it will accept as established all undisputed factual assertions, made by either party, and accept the non-movant's version of any disputed facts."[17]  In this case, NuVasive alleged that Miles was represented by counsel during negotiations.  I have accepted this assertion and have also assumed that Miles was represented by counsel during negotiations to the extent that Cal. Lab. Code § 925(e) would be satisfied.

---

[14] *See* Pl. Br. in Opp'n to Def. Mot. for Partial Summ. J., Ex. G.
[15] *See* Mot. for Partial Summ. J.; Def. Br. in Support of Mot. for Partial Summ. J. at 1.
[16] Ct. Ch. R. 56.
[17] *Merill v. Crothall-American, Inc.*, 606 A.2d 96, 99–100 (Del. 1992) (internal citations omitted).

Miles's argument in favor of partial summary judgment, in brief, is that the Agreement is governed by California law despite the Delaware choice of law provision, in accord with this Court's ruling in *Ascension Insurance Holdings, LLC v. Underwood*.[18] Miles argues that under California law both covenants not to compete and non-solicitation covenants are unenforceable. As a result, Miles seeks summary judgment on Count I, breach of contract; Count V, tortious interference with contractual relations; and Count VI, tortious interference with prospective economic advantage.[19] As an initial matter, it is not clear as a matter of law that a non-solicitation covenant is always unenforceable under California law.[20] Furthermore, there appears to be a factual dispute as to whether Miles breached the non-solicitation covenant.[21] As a result, this Opinion deals primarily with the claims related to the breach of the covenant not to compete; the claim relating to the non-solicitation covenant requires further factual development. I turn now to the choice of law analysis, which determines whether Delaware or California law governs the covenant not to compete.

---

[18] *Ascension Ins. Hldgs., LLC v. Underwood*, 2015 WL 356002 (Del. Ch. Jan. 28, 2015).
[19] Mot. for Partial Summ. J.
[20] *See* Pl. Br. in Opp'n of Def. Mot. for Partial Summ. J. at 2, n.1; Def. Reply Br. in Support of Mot. for Partial Summ. J. at 8, n.3.
[21] *See* Compl. ¶¶ 46–49; Answer ¶ 46; June 27, 2018 Oral. Arg. Tr. at 16:10–17:4.

*A. This Court's Ruling in* Ascension Insurance Holdings, LLC v. Underwood

Miles asks that I rely on this Court's ruling in *Ascension*, where I found under similar circumstances that a Delaware choice of law provision was not enforceable with respect to a covenant not to compete entered in California for employment therein.[22] Accordingly, I found that the covenant not to compete within the contract at issue should be governed by California law.[23] NuVasive, however, contends that a distinguishing feature of this case, combined with a change in California law since *Ascension*, should produce a different result under the *Ascension* analysis.

In *Ascension*, the contract at issue was negotiated in California and "was entered between a California resident and a Delaware limited liability company that has its principal place of business in California."[24] The contract contained a covenant not to compete that was limited in scope almost entirely to California, and "parties agreed to both Delaware venue and Delaware choice of law."[25] The plaintiff moved for a preliminary injunction to specifically enforce the covenant not to compete.[26] I applied the Restatement (Second) of Conflict of Laws (the "Restatement") to determine whether to uphold the choice of law provision.[27] The

---

[22] *Ascension Ins. Hldgs.*, 2015 WL 356002, at *5.
[23] *Id.*
[24] *Id.* at *3.
[25] *Id.* at *2.
[26] *Id.* at *1.
[27] Delaware follows the Restatement (Second) of Conflict of Laws. *See id.* at 2, n.7; *see also CompoSecure, L.L.C. v. CardUX, LLC*, 2018 WL 660178, at *20 (Del. Ch. Feb. 1, 2018).

applicable law was critical because "unlike Delaware, California public policy disallows contractual agreements not to compete," and such contractual provisions are void by law.[28] Pursuant to the Restatement analysis,[29] I first found that California law would apply absent the Delaware choice of law.[30] I then determined that applying Delaware law and enforcing "the non-compete provisions of that agreement would violate a fundamental public policy of California."[31] Under the Restatement, this determination further necessitated a balancing of the interests of California and Delaware.[32] I found that "California's specific interest is materially greater than Delaware's general interest in the sanctity of a contract that has no relationship to this state."[33] While I noted that Delaware's general interest in contract is "significant" and "profound,"[34] I also noted that such a general interest could not trump California's specific interest in limiting covenants not to compete. I declined to enforce the Delaware choice of law provision and denied the motion for a preliminary injunction.[35]

---

[28] *Ascension Ins. Hldgs.*, 2015 WL 356002, at *2.
[29] *See* Restatement (Second) of Conflict of Laws §§ 187, 188 (1971).
[30] *See Ascension Ins. Hldgs.*, 2015 WL 356002, at *3.
[31] *Id.* at *4.
[32] *See* Restatement (Second) of Conflict of Laws § 187 (1971).
[33] *See Ascension Ins. Hldgs.*, 2015 WL 356002, at *5.
[34] *Id.*
[35] *Id.* at *5–6.

*B. California Passes Cal. Lab. Code § 925 After* Ascension *Was Decided*

The determination in *Ascension* that non-compete agreements violate California fundamental public policy was grounded in California statute.[36] Under Cal. Bus. & Prof. Code § 16600 ("Section 16600"), "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."[37] This prohibition had one limited exception,[38] which did not apply to the contract at issue in *Ascension*.[39]

Since *Ascension*, California has passed Cal. Lab. Code § 925 ("Section 925"),[40] which prohibits employers from requiring employees to agree to choice of law and choice of forum provisions that would deprive them of the substantive protection of California law or that would require them to adjudicate their claims outside of California.[41] Section 925, if anything, strengthens an analysis of California's interest in preventing contractual end-runs around its public policy as

---

[36] *Id.* at *3–4.

[37] "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Cal. Bus. & Prof. Code § 16600.

[38] *See id.* § 16601.

[39] *Ascension Ins. Hldgs.*, 2015 WL 356002, at *3–4.

[40] Section 925 was enacted on September 25, 2016. *See* Cal. Lab. Code § 925. *Ascension* was decided on January 28, 2015. *See Ascension Ins. Hldgs.*, 2015 WL 356002.

[41] "An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following:
(1) Require the employee to adjudicate outside of California a claim arising in California.
(2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Lab. Code § 925(a).
Any such provisions are voidable by the employee. *Id.* § 925(b).

10

expressed in its labor law. Section 925, however, contains a carve-out pertinent here. It explicitly does not apply to contracts with employees who are represented by their own legal counsel in negotiations.[42] NuVasive argues that this exception reflects an exception to California fundamental public policy because where, as here, the employee is represented by legal counsel, it allows the parties to make a choice of foreign law even when doing so would deprive them of the substantive protection of California law, such as Section 16600's prohibition on covenants not to compete.

Miles points out that Section 925 does not apply retroactively. If California law applies, it would have no effect, and the choice of law provision here would be void. Miles argues that a non-retroactive change in law postdating the contract should form no part of my choice of law analysis.

Miles entered into the agreement on September 11, 2016, which is before the effective date of January 1, 2017 specified by Section 925.[43] However, my focus in balancing relative interests must be informed by examining fundamental public policy and state interests as they *currently* exist.[44] The fact that Section 925 would

---

[42] "This section shall not apply to a contract with an employee who is in fact individually represented by legal counsel in negotiating the terms of an agreement to designate either the venue or forum in which a controversy arising from the employment contract may be adjudicated or the choice of law to be applied." *Id.* § 925(e).

[43] "This section shall apply to a contract entered into, modified, or extended on or after January 1, 2017." *Id.* § 925(f).

[44] This does not preclude the significance of the timing of the contract relative to the effective date of Section 925 under California or Delaware law, once the Restatement analysis has led to one of those laws.

11

not apply to the Agreement does not negate Section 925's significance to California's current fundamental public policy interests. Therefore, NuVasive's contention that the California Legislature's passing of Section 925 creates an exception to fundamental public policy necessitates a return to the Restatement analysis in *Ascension*.

*C. Restatement Analysis Given the Passage of Cal. Lab. Code § 925*

Given the intervening passage of Section 925, I must re-visit the Restatement analysis in *Ascension* to see if a different result would be reached in this case.

1. California Law Would Govern Absent the Choice of Law Provision

Similar to the facts in *Ascension*, Miles is a California resident, NuVasive is a Delaware corporation that has its principal place of business in California, and the Agreement was negotiated in California. Miles ultimately left NuVasive for Alphatec Spine, which also has its principal place of business in California.[45] Therefore, California is the state with the strongest contacts to the contract and California law would apply absent the choice of law provision.[46]

---

[45] Furthermore, NuVasive alleges that the parties entered into the Agreement in direct response to an offer Miles received from Alphatec Spine in September 2016. *See* Compl. ¶ 17; Answer ¶¶ 17, 25. As a result, we can assume for the purposes of this Motion that the covenant not to compete was also specifically in response to Alphatec Spine's offer and was therefore primarily geographically limited to California.

[46] According to Restatement § 188(2): "In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place of contracting,
(b) the place of negotiation of the contract,

Given the finding that California law would be applicable absent the choice of law provision, the Restatement provides that I must next "determine whether enforcement of the covenant would conflict with 'fundamental policy' of California. If so, I must determine whether California has a materially greater interest in the issue—enforcement (or not) of the contract at hand—than Delaware. If both these questions are answered in the affirmative, California law will apply notwithstanding the choice of law provision."[47]

### 2. Enforcement of the Covenant Not to Compete Would Not Violate a Fundamental Policy of California Under These Circumstances

Neither party proposes that California has reversed its fundamental public policy against the enforcement of non-compete agreements since *Ascension*. Instead, NuVasive contends that enforcing the non-compete under these specific circumstances does not violate that policy. NuVasive points to Section 925's exception to the prohibition on choice of law provisions for employees who have legal representation as a cogent expression of California's current public policy. In response, Miles's argues that the exception has no effect because California "has a

---

(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue." Restatement (Second) of Conflict of Laws § 188 (1971); *see also Ascension Ins. Hldgs.*, 2015 WL 356002, at n.11.

[47] *Ascension Ins. Hldgs.*, 2015 WL 356002, at *3; Restatement (Second) of Conflict of Laws § 187 (1971).

clearly-established public policy of enforcing Section 16600's prohibition against non-competes without regard for contrary choice of law provisions."[48] Miles cites California case law to support this proposition; however, all of the cited cases predate Section 925. In Section 925, I find, the California legislature has stated strongly its general view that the prohibition of covenants not to compete (as well as other requirements of its labor law) cannot be evaded by choice of law provisions, but has made a policy decision that when contracting parties' rights are protected by representation, freedom of contract trumps this interest.

Miles argues generally that Section 16600 is unwaivable and therefore that Section 925 cannot create an exception to California public policy. But this analysis begs the question. California's policy is expressed statutorily, and in the precise situation under review, currently permits parties to choose law that will vindicate covenants not to compete.

Since *Ascension*, California has passed a law that recognizes the validity of choice of law provisions in the narrow circumstance where an employee has legal representation during negotiations. Upholding the Delaware choice of law and thereby potentially enforcing the covenant not to compete would not violate

---

[48] Def. Reply Br. in Support of Mot. for Partial Summ. J. at 16 (citing *Frame v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 20 Cal. App. 3d 668, 673 (Cal. Ct. App. 1971); *Application Group, Inc. v. Hunter Group, Inc.*, 61 Cal. App. 4th 881, 902 (Cal. Ct. App. 1998)).

14

California's fundamental public policy, because this case falls into that narrow exception.

### 3. Neither Would California Have a Materially Greater Interest Than Delaware in Covenants Not To Compete Under These Circumstances

Since I have not found that employing the parties' choice of Delaware law would violate California fundamental public policy, I need not balance the competing interests of the states. I note, however, that although California maintains a strong interest in prohibiting covenants not to compete, that interest is slight in the specific instance, as here, where the parties' bargaining power is equalized by counsel for the employee negotiating the covenant and a choice of law provision that will vindicate it. Against this weak interest is Delaware's fundamental but general interest in freedom of contract. Given those competing interests, I cannot say that California has a "materially greater interest" than Delaware.

## III. CONCLUSION

Under the Restatement Analysis, I find that the Delaware choice of law provision is enforceable and California law does not apply. I recognized in *Ascension* that "the entire purpose of the Restatement analysis is to prevent parties from contracting around the law of the default state by importing the law of a more contractarian state, unless that second state also has a compelling interest in

15

enforcement."[49] Here, California has condoned contracting around their laws in the narrow circumstance where an employee has legal representation during negotiations. It does not violate California's right "to limit contractual ordering for its citizens," or violate comity, to uphold the parties' choice of Delaware law under these circumstances.[50]

For the forgoing reasons, the Defendant's Motion for Partial Summary Judgement is denied. An Order accompanies this Memorandum Opinion.

---

[49] "In other words, in every instance where the parties seek to circumvent application of the law of the default state, the state whose law was chosen and is asked to enforce the contract will have the interest of protecting freedom to contract. It would be a tautology to suggest that such an interest alone, arising in every case, can trump the public interest of the default state, which, by definition, has the greatest contacts with the contract at issue; otherwise, the Restatement test would be meaningless, and the default state would lose its ability to constrain pernicious enforcement of contract rights." *Ascension Ins. Hldgs.*, 2015 WL 356002, at *5.

[50] Compare to this Court's reasoning in *Ascension*: "To protect those policy interests, and for reasons of comity, states embracing the Restatement approach recognize that necessary to the right of a jurisdiction to limit contractual ordering for its citizens is a limitation on the ability of contracting parties to choose the law of a foreign jurisdiction which does not impose that limitation, and which itself has little or no interest in the enforcement of the contract at hand." *Id.* at *6.

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NUVASIVE, INC.,<br>a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2017-0720-SG |
| | ) | |
| PATRICK MILES, | ) | |
| an individual, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 28th day of September, 2018,

The Court having considered the Defendant's Motion for Partial Summary Judgment, and for the reasons set forth in the Memorandum Opinion dated September 28, 2018, IT IS HEREBY ORDERED that the Defendant's Motion for Partial Summary Judgment is DENIED.

SO ORDERED:

/s/ Sam Glasscock III

Vice Chancellor

17