VERLA I. VINCENT, RANDALL J. VINCENT, FLIPPEN REALTY AND ALFRED B. FLIPPEN, APPELLANTS, v. WILLIAM SANTA CRUZ AND ROBERTA SANTA CRUZ, RESPONDENTS.

No. 13022

June 29, 1982                                   647 P.2d 379

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE THOMAS L. STEFFEN, Justice, who voluntarily disqualified himself. Nev. Const., art. 6, § 19; SCR 10.

*Johnson, Pilkington & Reynolds,* Las Vegas, for Appellants.

*Mills, Galliher, Lukens, Gibson, & Grossman,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Respondents, William and Roberta Santa Cruz, entered into a contract with appellants, Verla and Randall Vincent, to purchase one and one-quarter acres of real property.[1] Originally, the property in question comprised two and one-half acres. However, respondents and another buyer each purchased one-half of the original parcel, with the understanding that each parcel would be suitable for building.

The parties' purchase agreement set forth the terms of the sale and in bold print stated: "WHEN PROPERLY COMPLETED THIS IS A BINDING CONTRACT. IF NOT

---

[1] At the time of the sale, Randall Vincent was a licensed real estate agent employed by appellants, Alfred Flippen and Flippen Realty Company.

FULLY UNDERSTOOD, SEEK COMPETENT COUN-SEL.'' The record reflects the purchase agreement was properly signed and executed by the parties.

After the parties executed the purchase agreement, appellants prepared escrow instructions which included the following provision: ''39. Buyer to comply with NRS 278.50 [sic] as required by the County of Clark.''[2]

Failure to comply with the requirements embodied in NRS 278.461 gives rise to the application of NRS 278.590, which states in pertinent part:

> 1. It is unlawful for any person to contract to sell, to sell or to transfer any subdivision or any part thereof, or land divided pursuant to a parcel map or map of division into large parcels, until the required map thereof, in full compliance with the appropriate provisions of NRS 278.010 to 278.630, inclusive, and any local ordinance, has been recorded in the office of the recorder of the county in which any portion of the subdivision or land divided is located.

Approximately four months after respondents purchased the property and initiated plans to build a home, problems arose relating to statutory subdivision requirements. Respondents were advised by the Planning and Zoning Commission that a parcel map, as required by NRS 278.461, would have to be filed with the county before they could begin construction.

Respondents filed suit against Verla and Randall Vincent, Alfred Flippen, and Flippen Realty Company for failure to comply with NRS 278.461 and NRS 278.590, and for fraud. Thereafter, respondents brought a motion for partial summary judgment on their first cause of action alleging appellants' conduct violated NRS 278.461 and NRS 278.590. The district court granted respondents' motion for partial summary judgment.

A trial was conducted by the lower court to determine the amount of damages caused by appellant's failure to comply with NRS 278.461 and NRS 278.590, and to decide the issue of fraud. At the conclusion of trial, the lower court found the escrow clause inserted by appellants, requiring respondents to comply with statutory subdivision provisions, violated NRS 278.461 and NRS 278.590. The court held the parties' purchase

---

[2]According to NRS 278.461, (formerly NRS 278.500):

*When parcel map required; exemptions.*

1. A person who proposes to divide any land for transfer or development into four or fewer lots shall file a parcel map in the office of the county recorder, unless this requirement is waived or the provisions of NRS 278.471 to 278.4725, inclusive, apply.

agreement represented a valid, enforceable contract. Judgment was entered in favor of respondents against all appellants in the sum of $7,793. Additionally, the court found that appellants were not liable for fraud.

Appellants contend the lower court erred in finding the contract valid and enforceable. It is appellants' position that any violation of NRS 278.461 and 278.590 renders the entire contract void and subject to rescission. Appellants claim the escrow instructions requiring respondents to comply with NRS 278.461 are an integral part of the parties' contract and cannot be easily severed.

Generally, contracts made in contravention of the law do not create a right of action. Martinez v. Johnson, 61 Nev. 125, 119 P.2d 880 (1941). However, where a contract consists of several agreements, one of which is illegal, the illegal portion can be severed if it does not destroy the symmetry of the contract. Forrest Currell Lumber Company v. Thomas, 464 P.2d 891 (N.M. 1970). See also 17A C.J.S. Contracts § 299 (1963).

The doctrine of severability was defined in Golberg v. Sanglier, 616 P.2d 1239 (Wash.Ct.App. 1980), as follows:

> [i]f the promise sued upon is related to an illegal transaction, but is not illegal in and of itself, recovery should not be denied, notwithstanding the related illegal transaction, if the aid of the illegal transaction is not relied upon or required, or if the promise sued upon is remote from or collateral to the illegal transaction.

Here, the record reflects the parties entered into a valid purchase agreement which constituted a binding contract exclusive of the escrow instructions. The parties' purchase agreement did not contain any special instructions relating to the buyers' duty to comply with NRS 278.461. It was only after the parties executed the binding purchase agreement that appellants inserted the clause in the escrow instructions which violated NRS 278.461 and NRS 278.590.

Under the doctrine of severability, we conclude that the clause inserted into the escrow instructions which violates NRS 278.461 and NRS 278.590 is severable, as it is collateral to the main transaction.

Finally, appellants Alfred Flippen and Flippen Realty Company contend the lower court erred in finding them liable based

on the actions of Randall Vincent, a Flippen Realty employee.

The record reflects Vincent was a licensed real estate agent when respondents purchased the property in question. The property was listed by Flippen Realty and negotiations surrounding its sale were conducted at Flippen Realty offices. Additionally, the record indicates that appellant, Alfred Flippen, assisted in preparing some of the documents ultimately executed by the parties.

Although the evidence regarding the extent of Alfred Flippen and Flippen Realty's involvement in the instant matter is in conflict, there is sufficient evidence in the record to render all appellants liable. Where evidence is conflicting, the lower court's determination of the credibility of witnesses will not be disturbed on appeal. Kleeman v. Zigtema, 95 Nev. 285, 593 P.2d 468 (1979).

Accordingly, we affirm the district court's order granting respondents' motion for partial summary judgment. Additionally, we affirm the judgment of the district court awarding respondents damages, attorneys' fees and costs.

GUNDERSON, C. J., MANOUKIAN and SPRINGER, JJ., ZENOFF, SR. J.,[3] and FONDI, D. J.,[4] concur.

---

[3]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of THE HONORABLE CAMERON BATJER, Nev. Const., art. 6, § 19; SCR 10.

[4]The Governor designated the Honorable Michael Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE JOHN MOWBRAY, who was disqualified. Nev. Const., art. 6, § 4.