[Cite as *Arbor Grove Properties v. Clear Sky Realty, Inc.*, 2018-Ohio-1467.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ARBOR GROVE PROPERTIES, et al. | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiffs-Appellees | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2017 CA 00124 |
| CLEAR SKY REALTY, INC., et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil Appeal from the Court of Common
                             Pleas, Case No.  2015 CV 02504

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      April 16, 2018

APPEARANCES:

For Plaintiffs-Appellees                    For Appellants Clear Sky Realty & Wohlwends

JOHN P. MAXWELL                             BRIAN D. SULLIVAN
MATTHEW W. ONEST                            REMINGER CO., LPA
KRUGLIAK, WILKINS, GRIFFITHS                 101 West Prospect Avenue, Suite 11400
& DOUGHERTY CO., LPA                        Cleveland, Ohio  44115-1093
4775 Munson Street
Canton, Ohio  44718                         ROBERT S. YALLECH
                                            REMINGER CO., LPA
                                            11 Federal Plaza Central, Suite 1200
                                            Youngstown, Ohio  44503

                                            For Appellants Clear Sky Properties

                                            JOHN V. BOGGINS
                                            1428 Market Avenue North
                                            Canton, Ohio  44714-2616

*Wise, John, P. J.*

**{¶1}** Defendants-Appellants Clear Sky Realty, Inc., et al., appeal the decision of the Stark County Court of Common Pleas, which denied certain motions to compel arbitration in a lawsuit filed by Appellees Arbor Grove Properties, LLC, et al. for breach of contract and other claims. The relevant facts leading to this appeal are as follows.

**{¶2}** On December 1, 2015, Appellees Arbor Grove Properties, LLC, One Rowland, LLC, Pioneer Trail Properties, LLC, Pollyanna Properties, LLC, and Julian Real Estate, LLC (hereinafter "appellees") filed a civil action in the Stark County Court of Common Pleas against Appellants Clear Sky Realty, Inc., Eric M. Wohlwend, and Lila Wohlwend.

**{¶3}** In their complaint, appellees, owners of certain residential properties, alleged that between October 2012 and August 2015 they had entered into several agreements with appellants concerning management services for some of appellees' residential tenant units. Appellees further alleged that appellants overcharged them for various maintenance and repair work performed at the residential buildings and that appellants failed to properly manage the properties. The complaint included several breach of contract claims against Appellant Clear Sky Realty, and breach of fiduciary duties, fraud, and accounting against Appellants Clear Sky Realty, Eric M. Wohlwend, and Lila Wohlwend.

**{¶4}** The management agreements in question include a total of eleven arbitration provisions. Nine of these eleven provisions are in pertinent part as follows: "Owner and agent agree to submit any dispute *over District Court maximum limits* to

arbitration before the American Arbitration Association. Except as prohibited by Ohio law ***." (Emphasis added).

{¶5} The remaining two of the eleven provisions provide in pertinent part: "Owner and agent agree to submit any dispute *over court maximum limits* to arbitration before the American Arbitration Association. Except as prohibited by Ohio law ***." (Emphasis added).

{¶6} On January 25, 2016, Appellants Clear Sky Realty, Eric M. Wohlwend, and Lila Wohlwend (the original three defendants) answered appellees' aforesaid complaint and asserted various counterclaims alleging failure of compensation for services performed under the management agreements. Appellants also therein advanced two third-party complaints, the details of which need not be recited in the present appeal.

{¶7} Over a year later, on March 1, 2017, appellees moved to amend their complaint. At that time, appellees further alleged that discovery of new factual issues required the naming of an additional party, Clear Sky *Properties*, Inc. (emphasis added) and the assertion of breach of contract against all defendants. Appellees also asserted that they had "inadvertently failed to attach several written contracts between the parties, which would likely cover plaintiffs' claims during the terms of those agreements." Motion for Leave to Amend *Instanter* at 4.

{¶8} On March 29, 2017, the trial court granted appellees' motion for leave to file their amended complaint.

{¶9} On April 7, 2017, appellants filed their answers to the amended complaint and, for the first time, separate motions to stay proceedings and to compel arbitration. Appellants argued that the additional management agreements made subject to the

litigation by virtue of the amended complaint, as well as the management agreements identified in the original complaint, mandated that the dispute be arbitrated. On April 21, 2017, appellees and the two third-party defendants filed a memorandum in opposition to arbitrating the dispute. On April 28, 2017, appellants filed a reply in support of their motion to compel arbitration.

{¶10} After conducting a hearing, the trial court denied appellants' motions to compel arbitration and stay the proceedings. *See* Judgment Entry, June 30, 2017.

{¶11} On July 11, 2017, Appellants Clear Sky Realty, Inc., Eric M. Wohlwend, Lila Wohlwend, and Clear Sky Properties, Inc. jointly filed a notice of appeal. They herein raise the following sole Assignment of Error:

{¶12} "I. THE TRIAL COURT INCORRECTLY DENIED DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS."

I.

{¶13} In their sole Assignment of Error, appellants contend the trial court erred in denying their motions to compel arbitration and stay proceedings. We disagree.

*Jurisdiction*

{¶14} As an initial matter, we find we have appellate jurisdiction to proceed in this matter, even though a final judgment is not before us. As a general rule, a judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order. *See Moscarello v. Moscarello,* 5th Dist. Stark No. 2014CA00181, 2015–Ohio–654, ¶ 11, quoting *Rice v. Lewis,* 4th Dist. Scioto No. 11CA3451, 2012–Ohio–2588, ¶ 14 (additional citations omitted). However, an order under R.C. 2711.02(B) that grants or denies a stay of a trial of an action pending arbitration is a final appealable order.

*See* R.C. 2711.02(C). Such a decision under R.C. 2711.02 remains a final appealable order even without the language of Civ.R. 54(B). *See, e.g., Welsh v. Indiana Insurance Co.,* 5th Dist. Stark No. 2005-CA-00327, 2006-Ohio-6803, ¶ 15 (citations omitted). We will therefore proceed to the merits of the present appeal.

*Standard of Review*

**{¶15}** R.C. 2711.02(B) states as follows: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."

**{¶16}** Ohio public policy favors enforcement of arbitration provisions. *See Harrison v. Toyota Motor Sales, U.S.A., Inc.,* 9th Dist. Summit No. 20815, 2002–Ohio–1642, ¶ 9. "Arbitration is favored because it provides the parties thereto a relatively expeditious and economical means of resolving a dispute." *Sunrush Construction Co. v. Landmark Properties, L.L.C.,* 4th Dist. Ross No. 17CA3596, 2017-Ohio-8598, ¶ 17, quoting *Schaefer v. Allstate Ins. Co.,* 63 Ohio St.3d 708, 712, 590 N.E.2d 1242 (1992).

**{¶17}** Generally, an appellate court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02 under an abuse of discretion standard. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 30, 822 N.E.2d 841, 2004–Ohio–5953, citing *Pinette v. Wynn's Extended Care, Inc.,* Summit App. No. 21478, 2003–Ohio–4636, ¶ 5. However, the issue of whether a controversy is

arbitrable under an arbitration provision of a contract is a question of law for the court to decide; therefore, the standard of review on those issues is *de novo*. *Simmons v. Extendicare Health Servs., Inc.*, 5th Dist. Delaware No. 15 CAE 12 0095, 2016-Ohio-4831, ¶ 13, citing *Church v. Fleishour Homes, Inc.,* 172 Ohio App.3d 205, 874 N.E.2d 795, 172 Ohio App.3d 205, ¶ 19 (5th Dist.2007).

## *Severability Issue*

{¶18} Appellants first propose that the trial court erroneously failed to sever the "maximum limits" language in the arbitration provision in order to facilitate arbitration in this matter.

{¶19} There is no duty to arbitrate particular disputes where there has been no agreement between parties requiring such disputes to be submitted to arbitration. *See Kegg v. Mansfield*, 5th Dist. Stark No. 1999CA00167, 2000 WL 222118. In the case *sub judice*, the eleven agreements at issue evince a meeting of the minds to submit disagreements to arbitration only where the amounts involved are "*over court maximum limits*" *or* "*over District Court maximum limits.*" However, appellants do not dispute the trial court's observation that the Stark County Court of Common Pleas has no such upper limit, nor do federal district courts, the only "District Courts" extant in Ohio.[1] Therefore, strictly speaking, no dispute in an Ohio common pleas court under the agreements in question could ever go to arbitration, no matter how large.

---

[1] Although the underlying action was not brought in a municipal court, we nonetheless recognize that under R.C. 1901.17, "[a] municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars, except that this limit does not apply to the housing division or environmental division of a municipal court. ***." We also take note *inter alia* of Ohio's statutory damage caps under R.C. 2315.18.

{¶20} The doctrine of severability generally provides that where a contract consists of several agreements, one of which is illegal, the illegal portion can be severed if it does not destroy the symmetry of the contract. *Black v. Pheils*, 6th Dist. Wood No. WD-03-045, 2004-Ohio-4270, ¶ 55, citing *Vincent v. Santa Cruz* (1982), 98 Nev. 338, 341, 647 P.2d 379, 381. Under the doctrine of severability, an arbitration agreement is treated as an independent contract that does not necessarily fail if the remainder of the contract is found invalid. *See Champaign Landmark, Inc. v. Prince,* 2nd Champaign Nos. 97 CA 28, 97 CA 29, 97 CA 30, 1998 WL 735914. Whether a part of a contract may be severed from the remainder "depends generally upon the intention of the parties, and this must be ascertained by the ordinary rules of construction." *Ignazio v. Clear Channel Broadcasting, Inc.*, 113 Ohio St.3d 276, 2007-Ohio-1947, 865 N.E.2d 18, ¶ 11, citing *Huntington & Finke Co. v. Lake Erie Lumber & Supply Co.* (1924), 109 Ohio St. 488, 2 Ohio Law Abs. 197, 143 N.E. 132, syllabus. A court must determine whether the part of the contract sought to be excised is fundamental to the overall meaning of the agreement, or whether it may be severed so that the remainder of the agreement may be given effect. *Hehman v. Maxim Crane Works*, 12th Dist. Butler No. CA2010-01-009, 2010-Ohio-3562, ¶ 32, citing *Ignazio, supra* (internal quotations omitted).

{¶21} Our research indicates that in a number of cases, the issue on appeal focused on the severability of the entire arbitration provision, rather than removal of portions of a single sentence within the provision, as presently urged by appellants. However, in *Rude v. NUCO Edn. Corp.*, 9th Dist. Summit No. 25549, 2011-Ohio-6789, the Ninth District Court of Appeals cogently noted several examples of cases where a

court had "severed a discrete term of the arbitration provision and enforced the remainder of it." *Id.* at ¶ 29.

**{¶22}** Nonetheless, upon review, we find no basis to invoke the doctrine of severability under the unusual circumstances presented. Arbitration is a matter of contract and, in spite of the strong policy in its favor, a party cannot be compelled to arbitrate any dispute which he or she has not agreed to submit. *Teramar Corp. v. Rodier Corp.*, 40 Ohio App.3d 39, 40, 531 N.E.2d 721, (8th Dist. 1987) (additional citations omitted). In this instance, the agreements set forth that only disputes of a sufficient magnitude to exceed nebulous "court maximum limits" would go to arbitration. While such an arrangement may have reflected a misunderstanding of the law or court rules, it is nonetheless fundamental to the overall functioning of the agreement (*Hehman*, *supra*), and it is by no means illegal or unconscionable. We therefore hold that severing the limiting language of the arbitration clause would improperly compel the parties into a means of remedy upon which they did not clearly agree.

*Waiver Issue*

**{¶23}** The briefs before us also present arguments on the issue of whether appellants waived their claim to arbitration in the trial court. We have recognized that active participation in a lawsuit, and failure to request arbitration in a timely manner, may evince an acquiescence to proceeding in a judicial forum. *Smith Design & Constr., Inc. v. N.L. Constr. Corp.*, 5th Dist. Stark No. 2014 CA 00002, 2014-Ohio-4904, ¶ 55, citing *Griffith v. Linton,* 130 Ohio App.3d 746, 752, 721 N.E.2d 146 (10th Dist. 1998). Appellants herein contend that although they did not immediately raise the issue of arbitration during the first stages of litigation, appellees' amendment of the complaint in 2017 meant that

"the legal landscape of the loss dramatically changed," causing appellants to invoke arbitration at that time. Appellants' Brief at 9.

**{¶24}** However, we have generally recognized that an appellate court is not required to render an advisory opinion or to rule on a question of law that cannot affect matters at issue in a case. *See Ambrose v. Galena,* 5th Dist. Delaware No. 15 CAH 01 0011, 2015-Ohio-3157, ¶ 29, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75. In light of our previous determinations, we will not further analyze the issue of waiver of arbitration in the within appeal.

*Conclusion*

**{¶25}** The trial court did not err in denying appellants' motions to compel arbitration and stay proceedings. Appellants' sole Assignment of Error is therefore overruled.

**{¶26}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

.

JWW/d 0327