[Cite as *Dye v. J.J. Detweiler Ents., Inc.*, 2019-Ohio-4933.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

JAMES DYE, et al.,

     Plaintiffs-Appellees

-vs-

J. J. DETWEILER ENTERPRISES,
INC., et al.,

     Defendants-Appellants

JUDGES:
Hon. William B. Hoffman, P.J
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 2019CA00101

O P I N IO N

CHARACTER OF PROCEEDINGS:     Appeal from the Stark County Court of
Common Pleas, Case No. 2018CV02475

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 27, 2019

APPEARANCES:

For Plaintiffs-Appellees

JON A. TROYER
1953 Gulf Street, N.W.
Uniontown, Ohio 44685

For Defendants-Appellants

JAMES J. COLLUM
4740 Belpar Street, N.W., Ste. C
Canton, Ohio 44718

*Hoffman, P.J.*

**{¶1}** Defendants-appellants J. J. Detweiler Enterprises, Inc. and Jennifer L. Lile, Executor of Joseph J. Detweiler, (hereinafter "Detweiler") appeal the June 25, 2019 Judgment Entry of the Stark County Court of Common Pleas, which denied their Motion to Dismiss and Compel Arbitration or, in the Alternative to Stay Proceedings Pending Arbitration (hereinafter "Arbitration Motion"). Plaintiffs-Appellees are James Dye, et al. (hereinafter "Dye").

## STATEMENT OF THE CASE

**{¶2}** Dye filed a complaint against Detweiler for breach of contract, civil conspiracy, conversion, theft, tortious interference with an existing and prospective business relationship, and punitive damages.

**{¶3}** On March 4, 2019, Detweiler filed their Arbitration Motion. After briefing by both parties, the trial court denied Detweiler's Arbitration Motion on June 25, 2019.

## STATEMENT OF THE FACTS

**{¶4}** The parties entered into a settlement agreement in December, 2015, which included a Personal Property Auction Sale Contract. The purpose of the agreement was to conduct an auction of Dye's property to offset a $54,079.57 debt Dye owed to Detweiler for an unpaid Cognovit Note as well as unpaid rent and late fees. The settlement agreement provided the parties will mediate all claims, and if mediation fails, the parties will resolve all disputes arising from the settlement agreement through arbitration.

**{¶5}** On February 20, 2019, Detweiler requested Dye submit to mediation. Dye did not agree to do so. Further, Dye believed Detweiler waived the right to arbitrate. In response, Detweiler filed the Arbitration Motion. As noted *supra*, the trial court denied that motion on June 25, 2019.

**{¶6}** Dye had previously filed a similar lawsuit against Detweiler on July 27, 2016, in Stark County Court of Common Pleas Case No. 2016CV01730. That lawsuit was voluntarily dismissed by a joint motion of the parties one day prior to its scheduled trial.

**{¶7}** Dye then filed another lawsuit which was substantially the same, against Detweiler on June 27, 2017, in Stark County Court of Common Pleas Case No. 2017CV01298. Therein, Detweiler filed a motion similar to the Arbitration Motion in the case sub judice. The trial court denied the motion in Case No. 2017CV01298. Subsequently, the trial court dismissed the case, without prejudice, for what Detweiler describes as Dye's failure to abide by the trial court's previous orders.

**{¶8}** Dye then filed the case sub judice involving the same settlement agreement that was at issue in the two prior lawsuits. Detweiler's Arbitration Motion was denied on June 25, 2019. It is from that judgment entry, Detweiler prosecutes this appeal, assigning as error:

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANTS' MOTION TO STAY BECAUSE BOTH APPELLANTS AND APPELLEES ARE BOUND BY THE ARBITRATION PROVISION, THEREBY PRECLUDING THE TRIAL COURT'S JURISDICTION.

**{¶9}** In general, an appellate court reviews a trial court's decision to grant or deny a motion to stay proceedings pending arbitration pursuant to R.C. 2711.02 under an abuse of discretion standard. *Arbor Grove Properties v. Clear Sky Realty, Inc.,* 5th Dist. Stark No. 2017CA00124, 2018-Ohio-1467.

**{¶10}** However, the issues of whether a controversy is arbitrable under an arbitration provision of the contract is a question of law for the court to decide; therefore, the standard of review on these issues is de novo. *Id.* We find the issue presented herein is not whether the controversy is arbitrable, but rather whether Detweiler waived or is otherwise barred from asserting the right to arbitrate. Accordingly, we find the applicable standard of review is abuse of discretion. An abuse of discretion means the trial court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.

## ANALYSIS

**{¶11}** In its entry denying Detweiler's Arbitration Motion, the trial court noted, "… the current case is the third iteration of this action and the Court has previously addressed this issue, most recently denying Defendants' [Detweiler] Motion to Dismiss and Compel Mediation and/or Arbitration or in the Alternative to Stay Proceedings Pending Mediation and/or Arbitration, in Case No. 2017-CV-01298. Accordingly, the Court DENIES the present motion as consistent with the Court's prior rulings."

**{¶12}** Detweiler argues the trial court's decision which relies upon its previous decision to dismiss without prejudice, Case No. 2017CV01298, violates well-settled Ohio law a dismissal without prejudice relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced; therefore, it follows no subsequent determination be based on the proceedings in the first case, *citing Stratton v. Odyssey Homes, Inc.*, (1988), 8th Dist. Cuyahoga No. 74068, 1998 WL 637446. Detweiler argues a previous case dismissed without prejudice cannot be the basis for the denial of a motion to stay to compel arbitration. *Id.* Detweiler then notes an action

dismissed without prejudice for failure to prosecute is a dismissal otherwise than on the merits; therefore, not a final appealable order.

{¶13} However, what we find determinative in the case before us is the fact R.C. 2711.02(C) defines an order denying a motion to stay proceedings pending arbitration as a final appealable order. Just as application of that statute renders the trial court's judgment under review in this case a final appealable order, its application, likewise, rendered the trial court's denial of that motion in Case NO. 2017CV01298 a final appealable order. Detweiler did not appeal that decision in the prior lawsuit. The trial court's dismissal, without prejudice, was not filed until after the appeal time period to do so had already run.

{¶14} As such, we find the trial court's decision in Case No. 2017CV01298 to deny arbitration became the law of the case. In this unique scenario, we find the law of the case supersedes the general principal a determination made in a prior case dismissed without prejudice cannot be considered in a subsequently, refiled case. Accordingly, we find the trial court did not abuse its discretion in denying Detweiler's Arbitration Motion in this case.

{¶15} Detweiler's assignment of error is overruled.

{¶16}  The Judgment of the Stark County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Delaney, J. concur